ANTHONY W. ASHBORN *vs.* THE TOWN OF WATERBURY.

Third Judicial District, Bridgeport. April Term, 1897. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

In an action for personal injuries alleged to have been caused by a defective highway, the trial court, having charged the jury that the defendant was entitled to a verdict unless they were satisfied that the plaintiff had proved by a fair preponderance of evidence both that the defendant was negligent and that the plaintiff was injured while in the exercise of ordinary care, afterwards instructed them that they must apply the same rule to the defendant that they did to the plaintiff, and that if they were satisfied that the defendant had shown that it was not guilty of negligence, or if negligent, that the plaintiff was guilty of contributory negligence, then their verdict must be for the defendant. *Held* that the burden of proof rested throughout upon the plaintiff, and that the latter portion of the charge was erroneous and entitled the defendant to a new trial.

The physician who attended the plaintiff after his injury was asked on cross-examination what the plaintiff's habits respecting temperance were, before the accident, whether he had since that seen him intoxi-

cated, and whether in his opinion the injuries received would be aggra-
vated if followed by an intemperate course of life. *Held* that these
questions were properly excluded as not being germane to the direct
examination.

[Submitted on briefs April 20th—decided May 25th, 1897.]

ACTION to recover damages for personal injuries claimed
to have been caused by a defective highway, brought to the
District Court of Waterbury, *Bradstreet, J.,* where the plain-
tiff recovered a judgment for $5,000, and thence by the
defendant's appeal to the Superior Court for New Haven
County where the case was tried to the jury before *Elmer, J.;*
verdict and judgment for the plaintiff for $6,000 damages,
and appeal by the defendant for alleged errors in the rulings
and charge of the court. · *Error, and new trial ordered.*

The plaintiff, on the trial, introduced evidence tending to
show that in walking along South Main street in Waterbury,
about midnight, he stepped into a gully in the sidewalk, which
caused him to stumble and fall; that this side of the street
was built on the edge of a high bank, which had been guarded
by a railing; that the railing at this point was down, and
had been for some weeks; and that by reason thereof he fell
over the bank, and was seriously injured. The defendant
claimed and offered evidence to show that the railing had
been down, if at all, but a very short time; that there was
no gully, or other defect in the walk; and that the plaintiff
fell over because he was drunk.

*Greene Kendrick* and *John P. Kellogg,* for the appellant
(defendant).

*John O'Neill* and *Robert A. Lowe,* for the appellee (plain-
tiff).

BALDWIN, J. The trial judge, after charging the jury
that the plaintiff was bound to prove by a fair preponderance
of evidence both that the town was negligent in not main-
taining a sufficient railing, and that he was injured while in
the exercise of ordinary care, recapitulated the testimony at
length, and then proceeded as follows:—

" If you are satisfied that the plaintiff has failed to sustain his allegations of negligence on the part of the town, and the affirmative fact that the plaintiff was in the exercise of due care; if you are satisfied that he has not sustained that position by the weight of evidence, then you must find for the defendant. You must apply the same rule to the defendant that you do to the plaintiff. If you are satisfied that the plaintiff has sustained that position by a fair preponderance of the evidence, your verdict must be for the plaintiff. On the contrary, if you are satisfied that the defendant has in the evidence which he has adduced here shown that the town was not guilty of negligence, and even if it was, that the plaintiff was guilty of contributory negligence—if you are satisfied that the weight of evidence thus convinces you, then the verdict must be for the defendant."

By these concluding remarks, the jury were told to apply the same rule to the defendant that they did to the plaintiff, and that they must find for the town, if satisfied that it had shown by the evidence which it had introduced, that it was not negligent, or that the plaintiff was. It is, of course, plain that the defendant was not bound to prove anything, but was entitled to a verdict, if the plaintiff failed to establish his case by his own evidence. From the beginning to the end of the cause; the burden of showing its negligence and his own care rested on him. The parties were not, in this particular, subject to the same rule; and for this error a new trial must be granted. It is true that in other parts of the charge the burden of proof assumed by the plaintiff was distinctly and properly stated; but here, for the first time, the positions occupied by the parties were put in direct comparison, and the misconception of that belonging to the town related to a vital point, on which it is quite possible that the verdict turned. *Button* v. *Frink*, 51 Conn. 342, 350.

Dr. Axtelle, a witness for the plaintiff, who had attended him professionally after the accident, was asked on cross-examination, what were the plaintiff's habits with regard to temperance, before the accident, whether he had since that seen him intoxicated, and whether, in his opinion, the injuries

received would be aggravated, if followed by an intemperate course of life. These questions were not germane to the direct examination, and were properly excluded. The time had not come for the defendant to open its case.

The other rulings on evidence were also correct; but it is unnecessary to discuss them, as the questions presented are not likely to recur on another trial.

There is error, and a new trial is ordered.

In this opinion the other judges concurred.