LUCIUS L. BUTTON *vs.* ANDREW S. FRINK.

The question of negligence on the part of the defendant, where it is a part of the plaintiff's case as necessarily alleged and therefore necessary to be proved, and the allegations of the declaration are traversed, is a matter to be made out by the plaintiff's proof and not by the defendant's failure of proof. There is no rule of law that shifts the burden of proof upon the defendant.

Where the neglect of the defendant to explain the facts which indicate his negligence, operates to strengthen the inference of negligence, it does so wholly as a matter of evidence, producing its effect in the ordinary manner upon the judgment of the jury, and not by any superadded force of law.

The cases where the neglect of the defendant to offer such explanatory evidence operates to strengthen the plaintiff's case, are cases where the act done carries in itself an indication of negligence, or, in other words, creates a presumption of fact, and not of law, that the defendant has been guilty of negligence.

The defendant's horse, while he was driving upon the public highway, became unmanageable and ran away, and while running collided with the plaintiff's carriage. The court charged the jury that the defendant was not absolved from blame by the mere fact that his horse was running away, but that that fact was a circumstance from which his negligence might be inferred in the absence of explanatory evidence on his part showing that he was guilty of no negligence. Held to be error, as implying that the burden of proof was thrown upon the defendant

and that in the absence of explanatory evidence on his part there was a presumption of law that he was guilty of negligence.

[Argued October 16th—decided November 22d, 1883.]

ACTION for an injury to the plaintiff's person and property by being run into by the defendant's horse and wagon; brought to the Superior Court, and tried to the jury, on a general denial, before *Stoddard, J.*

On the trial the plaintiff offered evidence to prove that on December 5th, 1881, he was driving his horse, attached to a carriage, upon the highway described in the complaint; that he was driving upon the right hand side of the road, which at that point was broad and smooth, leaving ample room for other teams to pass upon his left; that his horse was a gentle one; that he was driving at a moderate gait, and that he was guilty of no negligence contributing to the injuries complained of; that while he was so driving, the defendant, driving his horse, attached to a lumber wagon, in the same direction, along the same highway, carelessly and negligently drove against the carriage of the plaintiff, the horse of the defendant being upon a gallop or run, and inflicted the injuries described in the complaint; and that the defendant, because of his reckless and careless driving, was not using the highway in a proper manner.

The defendant claimed, and offered evidence to prove, that he passed the plaintiff's carriage without touching it. He also claimed, and offered evidence to prove, that if he did run into the plaintiff's carriage, his horse at the time was running along the highway, having become frightened at the breaking of the bits of his bridle; that the bit broke in. consequence of his horse having stumbled while he was driving at a slow rate of speed; and that there was a hidden defect in the bit which caused it to break; that he used proper care in the selection of the harness, and in the care and management of his horse; and that the injuries received by the plaintiff were the result of inevitable accident.

The plaintiff denied that the defendant's horse was running away at the time of the collision; and claimed, and

.offered evidence in rebuttal, to prove that the defendant was driving his horse at a canter along the highway.

The plaintiff claimed to have proved damage to his horse, harness and carriage; that his thumb was broken, and ankle dislocated; that he was seriously hurt in other particulars; and that he received a severe shock that disturbed his nervous system and seriously affected his mind.

The defendant requested the court to charge the jury that he had the right to use the highway for the purpose he was using it at the time he claims that the bit of the bridle broke, and, that being the case, he is not liable in damages for any accident caused by a hidden defect, unknown to him, in the bridle, if he exercised reasonable care in the selection and use of the same, and if his horse at the time was one of ordinary gentleness, and while being driven with ordinary care, stumbled and broke the bit, and the defendant, by reason thereof, lost control of his horse, and in consequence of that a collision occurred, and the plaintiff was injured; and that the burden is on the plaintiff to show negligence in such a case on the part of the defendant, before he can recover.

The court charged the jury upon this point as follows:

"The defendant is not to be held liable, nor can he be found to be negligent, because an accident happened through or by reason of a hidden and secret defect in the bridle unknown to him, and which could not have been known to him by the use of reasonable and ordinary inspection, oversight. and care; if he used reasonable care in the purchase, selection and use of the bridle; and if his horse at the time was one of ordinary gentleness, and while being driven with ordinary care, stumbled and broke the bit, and the defendant by reason thereof lost control of his horse, and in consequence of that a collision occurred and the plaintiff was. injured, the defendant using due care to avoid such collision, he would not be liable. If it be found by the jury that both plaintiff and defendant were in the exercise of ordinary care. as aforesaid, and the collision took place, the defendant is not liable, and he is entitled to a verdict. If the defendant,

ran into the plaintiff's carriage as stated in the complaint, he is not absolved from blame by the mere fact that his horse was running away upon the public highway, as claimed by the defendant. That fact is a circumstance in this case from which negligence on his part might be inferred in the absence of explanatory testimony showing that he was guilty of no negligence or folly, and if the defendant was guilty of negligence in using a defective harness, or in the manner in which he used it, or in the management of his horse, whereby he lost control of him, or in his management of him after the harness broke, if it did break, and the accident and injury was caused by such negligence, and if the plaintiff by his negligence did not essentially contribute to such accident, then the defendant is liable to the plaintiff in this action. As I have said, it is incumbent on the plaintiff to show that he was not guilty of contributory negligence."

The jury returned a verdict for the plaintiff, and the defendant appealed.

*J. Halsey* and *S. Lucas* for the appellant.

The jury must have understood that the defendant was not only liable in this action for negligence, but that, from the mere fact that the horse was running away, the burden of proof was shifted and placed upon the defendant to prove that he was guilty of no negligence by reason of which his horse became frightened and ran away. It is clear that the burden was on the plaintiff to prove that, if the horse was running away, it was by reason of the negligence of the defendant. Negligence could not be presumed against the defendant by the mere fact that his horse was running away. The plaintiff must prove *the* negligence that was the cause of the injury. The burden rested upon him to show negligence under all the circumstances of the case. Shearm. & Redf. on Negligence, §§ 12, 13, 194; *Park* v. *O'Brien*, 23 Conn., 339; *Morris* v. *Platt*, 32 id., 75; *Manzoni* v. *Douglas*, 6 L. Reps., Queen's Bench Div., 145; *Cotton* v. *Wood*, 8 Com. Bench, N. S., 568; *Hammack* v. *White*, 11 id., 588.

*C. F. Thayer*, with whom was *J. M. Thayer*, for the appellee.

. The court was right in charging the jury that the defendant was "not absolved from blame by the mere fact that his horse was running away," and that "that fact is a circumstance in this case from which negligence on his part might be inferred in the absence of explanatory testimony." Such has been held to be the law in numerous cases in which the plaintiff has merely proved an injury resulting from the running away of the defendant's horse. *Unger* v. *42d Street R. R. Co.*, 51 N. York, 497; *Strup* v. *Edens*, 22 Wis., 432; *Hummell* v. *Wester*, Brightly, 133; *Kennedy* v. *Way*, id., 186. The ground of these decisions is, that in the ordinary course of things a runaway does not occur when a prudent and careful driver, with a horse of ordinary gentleness, and suitable tackle, manages the same with ordinary care. And where under such circumstances the horse becomes unmanageable the cause is so peculiarly within the knowledge of the defendant that he must explain it. The same rule has been held in the case of accidents arising from other causes. Shearm. & Redf. on Neg., §§ 13, 304; *Piggott* v. *Eastern Counties Railway Co.*, 3 Com. Bench, 229, 242; *Byrne* v. *Boadle*, 2 Hurlst. & Colt., 722; *Scott* v. *London Docks Co.*, 3 id., 596; *Joyce* v. *Capel*, 8 Car. & P., 370; *Kearney* v. *London & South Coast Railway Co.*, L. Reps. 5 Queen's Bench, 411; *Stokes* v. *Saltonstall*, 13 Pet., 181; *Norris* v. *Kohler*, 41 N. York, 42; *Worster* v. *42d St. R. R. Co.*, 50 id., 203; *Mullen* v. *St. John*, 57 id., 567; *Roberts* v. *Johnson*, 58 id., 613; *Vincett* v. *Cook*, 4 Hun, 318: *Lyons* v. *Rosenthal*, 11 id., 46; *Clare* v. *City Bank*, 1 Sween., 539; *Garland* v. *Towne*, 55 N. Hamp., 55; *McMahon* v. *Davidson*, 12 Minn., 357; *Ellis* v. *Portsmouth & Roanoke R. R. Co.*, 2 Ired., 138.

PARK, C. J. — The defendant's horse and wagon collided with the plaintiff's horse and carriage while the same were being driven by the plaintiff and defendant upon a public highway, in which collision the plaintiff received injury in his person and property.

Upon the trial of the cause, the defendant introduced evidence to prove that at the time of the accident his horse was unmanageable, having become so in consequence of the breaking of the bit attached to the bridle, and was running away.

Regarding the transaction the court charged the jury as follows :—" If the defendant ran into the plaintiff's carriage as stated in the complaint, he is not absolved from blame by the mere fact that his horse was running away upon the public highway, as claimed by the defendant. That fact is a circumstance in this case from which negligence on his part might be inferred, in the absence of explanatory testimony showing that he was guilty of no negligence or folly."

Herein we think the court erred. The plain import of this language is, that in the absence of explanatory testimony by the defendant, showing that he was guilty of no negligence in fact, negligence might be inferred against him as a matter of law, from the mere fact that his horse was running away. It is true that the court uses the phrase, "might be inferred ; " but, in the connection, this is equivalent to *should be inferred ;* for the court is stating a rule to the jury for their application and guidance. in coming to a decision of the question regarding the negligence of the defendant, and the jury must have so understood it.

However this question may be regarded by some courts in some jurisdictions, we think it is clear that in this state questions of negligence are questions of fact, to be determined by the jury, under instructions from the court. In the case of *Beers* v. *The Housatonic R. R. Co.*, 19 Conn., 566, the marginal note is as follows :—" Whether there was negligence or want of care, in whatever degree, in either of the parties, is a question of fact, to be determined by the jury ; and whether the circumstances attending the transaction constitute such negligence or want of care, will not, though admitted, be decided by the court as matter of law, but will be left to the jury, as evidence for them to pass upon."

In this case the claim was made that the court should determine, as matter of law, that the plaintiff was guilty of negligence in driving a large herd of cattle across the defendants' railroad at a time when he knew that the defendants' cars were about to pass. But Judge STORRS, in giving the opinion of the court, said:—"When it is considered that negligence, or a want of due care, was here the main fact to be ascertained, and that the facts, or more correctly speaking the circumstances, thus given in evidence were only evidential of such main fact and conducing to prove it, it is obvious that the court could not have pronounced that those circumstances proved the existence of negligence or a want of due care on the part of the plaintiff, without encroaching on the rights of the jury, whose exclusive province it was to weigh the evidence and determine whether it was sufficient for the purpose."

In the case of *Park* v. *O'Brien*, 23 Conn., 339, the marginal note is as follows:—"The question of negligence is one exclusively of fact, for the jury to determine. Therefore, where it was claimed that the court should instruct the jury that, it being admitted that the horse of the plaintiff was a spirited animal, the act of the plaintiff in leaving him unfastened and unattended in a public street was, as a matter of law, a want of ordinary care on his part; it was held that the court committed no error in leaving the question, whether the plaintiff had or had not been guilty of negligence, to the jury." In this case the court said:—"The question as to the existence of negligence or want of ordinary care, is one of a complex character. The inquiry, not only as to its existence, but whether it contributed with negligence on the part of another to produce a particular effect, is much more complicated. As to both, they present, from their very nature, a question not of law but of fact, depending upon the peculiar circumstances of each case, which circumstances are only evidential of the principal fact, that of negligence or its effects, and are to be compared and weighed by the jury, the tribunal whose province it is to find facts, not by artificial rules, but by the ordinary

principles of reasoning; and such principal fact must be found by them before the court can take cognizance of it and pronounce upon its legal effect." Cases could have been cited which hold that leaving a spirited horse in a public street unfastened and unattended was negligence *per se.* In *Allidge* v. *Goodwin,* 5 Car. & Payne, 190, TINDAL, C. J., said:—"If a man chooses to leave a horse and cart standing in the street without any person to watch them, he must take the risk of any mischief that may be done." Other cases might be cited. Still our court held, as we have seen, that the question in such cases is one of fact for the jury to determine.

If a horse is running away with his driver, there is nothing in the fact itself which tends to show negligence in the driver, or which tends to show how the horse became unmanageable, any more than a house on fire tends to show the origin of the fire, whether accidental or otherwise, and it would seem that it could as well be inferred, in such a case, that the party residing in the house was guilty of negligence in causing its destruction, in the absence of explanatory evidence showing the contrary, as it can be inferred from the mere fact that a horse is running away, that the driver is guilty of negligence in causing his running, in the absence of proof to the contrary. If such a doctrine should be established as the law, it is not easy to see to what extent it might not be carried.

The plaintiff relies upon four cases to sustain the charge. The first is that of *Unger* v. *Forty-second Street & Grand Street Ferry Railroad Co.,* 51 N. York, 497. The plaintiff in that case was injured by a pair of horses which were running away in a public street without a driver. The question was, whether the court below erred in refusing to non-suit the plaintiff upon the evidence of such fact alone. The court say: "The fact that the horses were unattended and unfastened in the street was, unexplained, evidence of negligence against the defendant. Hence the court committed. no error in refusing to non-suit the plaintiff."

The next case is that of *Strup* v. *Edens,* 22 Wis., 432. In this case the plaintiff's daughter was injured by the horses

of the defendant while running away. And the question again was, whether the court erred in refusing to non-suit the plaintiff. The court say: " There was evidence tending to show that the horses were not properly hitched. And in addition to this evidence, the fact that the horses got loose and ran away, is some evidence of negligence. It is true such a thing might occur notwithstanding due care in hitching. But such would not be the ordinary result, and unexplained the reasonable inference from the fact would be, that there had been negligence in fastening the horses."

It will be observed that in both of these cases the court held that the fact that the horses were running unattended in the public street, afforded some evidence that the horses had been left, either unfastened in the public street, or improperly and negligently secured. Manifestly this is an inference which could not be drawn in the case at bar. And furthermore these cases are cases of non-suit, where the court had to consider the question of negligence as a question of fact, and this accounts for the language of the court.

The other two cases are found in Brightly's Reports of Nisi Prius Cases. In neither of them do the facts appear.

· But it may be said in the case under consideration that the charge of the court did the defendant no harm, inasmuch as he offered evidence explanatory of the cause which made his horse unmanageable and excited him to run away. But the mischief of the charge, in this regard, lies in the fact that it changes the burden of proof from the plaintiff to the defendant. Hence if the question was nicely balanced, or if the jury did not believe the defendants' exculpating evidence, the plaintiff succeeded in consequence of the error of the court in changing the burden of proof.

To prevent any misapplication of our present decision we state the general principle which we conceive to govern all cases of this sort. It is that the question of negligence on the part of the defendant, when it is a part of the plaintiff's case as necessarily alleged and therefore necessary to be proved, and the allegations of the declaration are traversed, is a matter to be made out by the plaintiff's proof, and not

by the defendant's failure of proof; that there is no rule of law that shifts the burden of proof upon the defendant; that where the neglect of the defendant to explain the facts which indicate his negligence operates to strengthen the inference of negligence, it does so wholly as a matter of evidence, producing its effect in the ordinary manner on the judgment of the jury, and not by any superadded force of law; that the cases where the proof on the part of the plaintiff of the damage done him by the defendant is enough to make a *primâ facie* case of negligence on the part of the defendant, are cases where the act causing the damage was of a nature to indicate negligence, and this as the act addresses itself to the judgment of the jury on this point, and is distinguishable by their judgment from an act which does not indicate negligence, they judging for themselves of the character of the act in this respect. This distinction can be illustrated thus: A man driving furiously along the street runs into my carriage and breaks it. Here the act indicates negligence on the part of the driver. Again, the defendant's horse is running furiously along the street, dragging the shafts of a carriage after him, and runs against and breaks my carriage. This indicates accident only, and not negligence. It is a mere matter of human presumption in each case. The common judgment of mankind would see in the one case a *primâ facie* case of culpable negligence—in the other only of sheer accident. Now, in suits brought for damages done in these cases, if the plaintiff should prove only the fact of the collision, and the defendant should offer no evidence whatever, the court ought to charge the jury that the burden of proof is not in either case thrown upon the defendant as matter of law, but that the plaintiff is to recover or not, according as they shall, in the exercise of their judgment, consider the acts as in themselves indicating or not indicating negligence on the part of the defendant. The failure of the defendant to offer any explanatory evidence may operate to strengthen the plaintiff's case, but it must always be in a case where the act done carries in itself an indication of negligence, or, in other words, creates a presumption of fact, not of law, that the defendant had been guilty of negligence.

There is error in the judgment complained of.

In this opinion the other judges concurred.