### DETERMINED IN THE

# FIRST DEPARTMENT

#### AT

# GENERAL TERM,

## October, 1894.*

MARTHA MORRIS, Respondent, *v.* THE STROBEL & WILKEN COMPANY, Appellant.

*Care in the erection and maintenance of structures — a traveler along a city street injured by the dropping of a sign — manner of erection of signs.*

A traveler passing along a public street is entitled to immunity from such injury as may be caused by the dropping of a street sign attached to a building erected upon the same, and if such person be injured by the falling of such a sign, it becomes the duty of the owner thereof, in an action brought against him to recover damages for the injuries sustained, to show that he used reasonable care in its construction and maintenance, and that the accident happened without any fault or negligence upon his part; the absence of that care may fairly be presumed from the fact that the defect existed from which the accident arose.

In the erection and maintenance of signs upon buildings fronting upon the streets of a city, the owner thereof is bound to secure the same, so that they will not only be able to withstand the ordinary known vicissitudes of the weather, but will also be able to sustain the force of gales which experience has shown will be liable to occur.

APPEAL by the defendant, The Strobel & Wilken Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 24th day of November, 1893, upon the verdict of a jury rendered

---

* The other cases of this term will be found in volume 80 Hun.— [REP.

after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 29th day of November, 1893, denying the defendant's motion for a new trial made upon the minutes.

*F. A. Thomson*, for the appellant.

*Leonard J. Langbein*, for the respondent.

VAN BRUNT, P. J. :

This action was brought to recover damages sustained by the plaintiff by being struck by a sign which had been attached to the defendant's building and which fell and struck the plaintiff. There was no question but that the sign belonged to the defendant, had been put up by it in front of its building and that it fell on the day in question, and the jury found that it struck the plaintiff and that she was severely injured thereby. The court held, upon the trial, that the plaintiff had made out a case to go to the jury without showing affirmatively that the sign in question had been defectively constructed, and that the fact of its having been constructed by the defendant and attached to its building, and that it fell in the public street without any apparent reason for so doing, called upon the defendant to show that it was without fault.

It is urged upon the part of the defendant, however, that the learned court erred in the rule in respect to negligence, in that the case at bar was not one in which the maxim *res ipsa loquitur* was applicable, and that the rule has been established that this maxim does not apply except where contractual relations existed between the parties. It is undoubtedly true that expressions may be found in opinions to support the contention of the appellant, but an examination of the adjudications upon the subject shows that it is not a correct statement of the law. A leading case upon this subject is that of *Kearney* v. *London, etc., R. R. Co.* (L. R. [5 Q. B.] 411); S. C. in the Exchequer Chamber (L. R. [6 Q. B.] 759). The facts were that the plaintiff was passing on a highway under a railway bridge, when a brick fell and injured him on the shoulder. A train had passed over the bridge shortly before the accident. The bridge had been built three years, and was an iron girder bridge resting on

iron piers on one side, and on a perpendicular brick wall with pilasters on the other, and the brick fell from the top of one of the pilasters, where one of the girders rested on it. A motion was made for a nonsuit on the ground that there was no evidence of negligence to leave to a jury. The Court of Queen's Bench, by a divided vote, held that this was a case to which the maxim *res ipsa loquitur* was applicable, or, in other words, that there was *prima facie* evidence of negligence. The principle stated was that whenever it is a defendant's duty to use reasonable care to keep a bridge, or other structure or premises, in a proper condition as respects persons passing along the highway, and these are out of condition and an accident happens, it is incumbent upon him to show that he used that reasonable care and diligence which he was bound to use; and that the absence of that care may fairly be presumed from the fact that there was the defect from which the accident had arisen. This principle was unanimously affirmed in the Court of Exchequer Chamber.

In *Byrne* v. *Boadle* (2 Hurl. & Colt. 722) the facts were that an injury was caused by the falling of a barrel into a highway from the window of a shop. In discussing the question of the proprietor's liability POLLOCK, C. B., said: "There are many accidents from which no presumption of negligence can arise; but I think it would be wrong to lay down as a rule that in no case can presumption of negligence arise from the fact of an accident. Suppose in this case the barrel had rolled out of the warehouse and fallen on the plaintiff, how could he possibly ascertain from what cause it occurred? It is the duty of persons who keep barrels in a warehouse to take care that they do not roll out, and I think that such a case would, beyond all doubt, afford *prima facie* evidence of negligence. A barrel could not roll out of a warehouse without some negligence, and to say that a plaintiff who is injured by it must call witnesses from the warehouse to prove negligence, seems to me preposterous. So, in the building or repairing a house, * * * if a person passing along the road is injured by something falling upon him, I think the accident alone would be *prima facie* evidence of negligence."

In *Mullen* v. *St. John* (57 N. Y. 567) various other cases are cited in addition to these, illustrating the same rule. Therefore, when

the plaintiff was passing along the public street she was entitled to immunity from injury by the dropping of appendages to buildings erected along the same, and when she was injured by the fall of such an appendage it became the duty of the owner of that appendage to show that he used reasonable care in its construction and maintenance, and that the accident happened without any fault or negligence upon his part.

In the case at bar an attempt was made to show that this accident occurred by reason of a high wind which was prevailing at the time, and that it was, therefore, to be considered as an act of God for which the defendant could not be held responsible. The evidence in the case showed that at the time of the happening of the accident the wind was blowing at the rate of about nineteen miles an hour, and that it increased subsequently to twenty-five miles an hour, and three or four hours later to thirty-one miles an hour. It further appears that a wind of nineteen miles an hour is not an unprecedented one in this city, but one which frequently occurs, although the average rate of wind during the summer months is from eight to nine miles an hour, and during the winter months from eleven to twelve miles an hour. It appeared further that a wind from twenty-five miles an hour up is known as a high wind.

The evidence shows beyond question that there was no extraordinary stress of weather, and that the falling of the sign was not to be attributed to any such cause. In the erection and maintenance of these appendages the defendant was bound to secure the same so that they would not only be equal to the ordinary known vicissitudes of the weather, but would be able to withstand the force of gales which experience has shown to be liable to occur. The defendant in this action has wholly failed to meet these requirements. It has shown how this sign was attached to its building and the manner in which it was secured; but we are left in utter ignorance as to whether it was constructed in a manner proper for the use to which it was put, as no evidence was offered upon this point, and it is apparent from the fact that it fell in a moderate wind that it was insufficient for the use for which it was constructed.

It is also claimed upon the part of the defendant that the damages were excessive. Without discussing at length this proposition, we do not see upon an examination of the evidence that we can

interfere with the verdict of the jury upon this ground.   Judgment and order appealed from should be affirmed, with costs.

BARRETT, J., concurred ; PARKER, J., dissented.

Judgment and order affirmed, with costs.