[Sac. No. 425.    Department One.—December 29, 1898.]

## CHICO BRIDGE COMPANY, Respondent, v. SACRAMENTO TRANSPORTATION COMPANY, Appellant.

Toll-bridge Across Navigable River—Power of Supervisors—Statute—Repeal by Implication.—The power taken from boards of supervisors to license toll-bridges across navigable streams by section 2782 of the Political Code, is expressly conferred upon them by the later act of 1881, which repeals by implication so much of the code as deprives them of that power.

Id.—Collision of Barge with Bridge—Negligence—Burden of Proof.— In an action to recover damages for injury to a toll-bridge alleged to have been caused by the collision of a barge therewith, the burden of proof upon the plaintiff to show negligence is sustained by proof that for several years the river was navigated at all stages of water by steamers with and without barges, usually passing the bridge once a week, with but a single slight injury to the bridge prior to the one in question, and a few times afterward touching or rubbing it slightly, and by expert evidence that it could at all times be navigated safely, and the evidence is sufficient to cast the burden of showing due care upon the defendant.

Id.—Finding—Conflicting Evidence.—The credibility of witnesses, and the weight to which their evidence is entitled, is for the court to determine, and a finding made upon conflicting evidence, that the injury was caused by the defendant's negligence, cannot be disturbed.

Id.—Irrelevant Evidence—Duty of Plaintiff to Protect Bridge— Answer.—Where there was no allegation in the answer that the bridge was improperly constructed or left without proper protection, a question upon cross-examination of the bridgetender whether, if there had been a dolphin or fender or cluster of piles placed above the bridge, the barge would have collided with the bridge, is properly objected to as irrelevant and immaterial, the question whether it was the duty of plaintiff to protect the bridge not being presented by the record.

Id.—Expert Evidence—Qualification of Witness.—A witness sufficiently shows his qualification to give expert evidence upon the question of river currents by showing that his profession was that of a civil engineer, and that he has had eight years experience in charge of the government snag boat, and had observed and studied the currents of the river at similar places, and that

he knew the locality in question, and had frequently passed it at a lower stage of water.

ID.—RECOVERY OF DAMAGES BY BUILDER OF TOLL-BRIDGE—DUTY OF REPAIR.—The builder of the toll-bridge under a franchise from the board of supervisors, who gave to him the use of parts of an old bridge, provided he should keep the approaches in good repair, is entitled to the whole of the damages occasioned by an injury to the bridge negligently caused by the collision of a barge therewith.

APPEAL from a judgment of the Superior Court of Butte County and from an order denying a new trial. John C. Gray, Judge.

The facts are stated in the opinion.

Reardon & White, H. V. Reardon, and McKune & George, for Appellant.

F. C. Lusk, and R. Percy Wright, for Respondent.

HAYNES, C.—Action to recover damages alleged to have been sustained by plaintiff through injury to its bridge across the Sacramento river, at or near Chico, by a collision therewith by defendant's barge while navigating said river. Plaintiff had judgment from which and from an order of the court denying its motion for a new trial defendant appeals. Plaintiff and defendant are both corporations organized and existing under and pursuant to the laws of the state of California.

At a point near Chico, on the Sacramento river, between the counties of Butte and Glenn, is a bridge connecting highways in those respective counties. A drawbridge was originally constructed at this point in 1882 by the county of Butte. The greater portion of this bridge, including the draw, was carried away by a flood in the Sacramento river in the winter of 1889-90. Neither of the counties of Butte or Glenn being desirous of reconstructing the bridge, the supervisors of the county of Butte (the county lying on the left-hand side of the Sacramento river), upon the application of one T. H. Barnard, on the twenty-second day of July, 1890, granted him a franchise to construct a toll-bridge across said Sacramento river at the site of the former free bridge. The order also permitted Barnard "to use the parts of said bridge now remaining, and to

attach the drawbridge thereto, provided said party shall put and keep in good repair said approaches, and, whenever Butte county may deem it for the best interests of the county so to do, purchase said bridge so erected, they may do so, in the form and manner provided by law, paying only for the new part that may be built," et cetera.  Barnard assigned his franchise to the Chico Bridge Company, a corporation, the plaintiff herein, and it constructed the bridge in consonance with a previous order of the state engineer, except that the draw was made one hundred and one and one-half feet wide, while the order only required it to be ninety feet. · This draw turned upon a pier in the center.  The bridge was completed and opened for traffic as a toll-bridge on the 11th of December, 1890, and has ever since been owned, possessed, and operated as such by the plaintiff.  The Sacramento river at the point where said bridge is constructed across it is a navigable stream.

On the ninth day of March, 1893, and for a long time prior thereto, defendant (appellant here) was the owner of sundry steamers and barges, and was engaged in the business of navigating with them the said Sacramento river.  On said last-mentioned day defendant's steamer "Jacinto," with its barge "Utah" in tow, was descending said river.  Plaintiff in due time and in a proper manner opened the draw of its bridge for the passage of said steamer and barge, to pass down and through.  The court found that said defendant negligently and carelessly, and without any fault or neglect of plaintiff, caused and suffered its said barge to run into and collide with that portion of said bridge which was east of the draw, and in said Butte county, and injured and destroyed the said bridge to plaintiff's damage in the sum of seven hundred and fifty dollars.

The first point made by appellant for reversal is that the motion of defendant for a nonsuit should have been granted for the reason that the bridge was shown to have been constructed across a navigable river, and in violation of law.  The Sacramento river is a public way.  (Pol. Code, sec. 2349.)  The contention is that by section 2872 of the Political Code the board of supervisors had no authority to grant a franchise for the construction of the toll-bridge.

But it will be noticed that the power which was taken from

boards of supervisors to license toll-bridges over navigable streams by section 2782 of the Political Code is expressly conferred upon them by the later act of 1881. The latter act clearly repeals by implication so much of the code as deprived the boards of supervisors of this power. It follows that the board of supervisors had jurisdiction to grant the franchise to plaintiff's assignor. Section 2874 of the Political Code authorized the plaintiff to use and the board of supervisors to prescribe the manner of use of so much of the public road or approach to the bridge as was necessary in the construction and maintenance of the bridge.

Another point was also made on the motion for a nonsuit, viz., that there is no evidence showing or tending to show negligence on the part of the defendant in the navigation of the Sacramento river.

The complaint alleges that the "defendant negligently and carelessly, and without any fault or neglect of plaintiff, caused and suffered its said barge to run into and collide with that portion of said bridge," et cetera.

Respondent contends that the action is in reality one of trespass, that whether the defendant was negligent is immaterial, and that plaintiff's allegations of negligence may be treated as surplusage, and therefore proof of negligence would not be necessary.

The respondent is manifestly in error in this contention, and the court below improperly adopted that theory.

In this case negligence was sufficiently alleged; but it is contended by appellant that the plaintiff offered no evidence to sustain that allegation, and that its motion for a nonsuit should have been sustained upon that ground.

The evidence on the part of the plaintiff, in chief, was, in brief, a description of the bridge, the width of the draw, the stage of the water, which was ten feet above low water, the extreme being twenty feet; that the river was navigated by steamers with and without barges, trips being usually made once a week; that in 1889 and 1890 the west bank of the river above the bridge had been washed out to the extent of three hundred or four hundred feet, which produced a cross-current toward the east side when the water was ten feet or more above

low water; that it required more care in navigating during high than at low water; that the injury was not caused by any defect in the draw or in opening it; that in different stages of water there is a great deal of difference in the velocity of the currents; "that it was perfectly safe to navigate at any stage of water"; that the steamer passed through without colliding, but when the barge came along it struck the upper side of the east pier of the bridge, that is, the pier which supports the east end of the bridge, and broke five or six piles; that there were no dolphins or fenders or cluster of piles above the bridge, though "such things would have a tendency to protect the bridge from collisions"; that the bridge was opened for travel December 11, 1890; that this accident occurred March 9, 1893; that prior to this accident the bridge had been hit but once so as to require repairs, on which occasion the repairs cost but thirty dollars; that it was not true that on numerous occasions steamers and barges would rub against the pier going down the river; that they would sometimes rub against it going up; that up to the time of the injury complained of they had not hit the bridge, but "since that time they have hit against it a little without damaging it materially."

Upon this state of the evidence the plaintiff rested, and defendant moved for a nonsuit. No criticism was made by any witness of the manner in which the steamer and barge were handled, nor any suggestion made as to how the collision might have been avoided, or that those in charge of the vessels were incompetent.

The burden of proof being upon the plaintiff to show that the injury was either intentionally or negligently committed, and there being no pretense that it was intentional, the question is presented whether the evidence made a *prima facie* case of negligence.

There is no absolute rule applicable to all cases as to what constitutes due or reasonable care on the one hand or negligence on the other. The circumstances under which accidents occur are wellnigh infinite, and liability or nonliability therefor must depend upon the circumstances under which they occur. There are, however, some general rules, applicable in all cases, as aids in determining the question of liability. One of these

is stated in the *Nitro-Glycerine case*, 15 Wall. 524, as follows: "The measure of care against accidents, which one must take to avoid responsibility, is that which a person of ordinary prudence and caution would use if his own interests were to be affected and the whole risk were his own."

In this case it is clear that the navigation of the river by steamboats and barges was necessarily a source of some danger to the bridge, and the existence of the bridge, while not in the eye of the law an unreasonable obstruction to the navigation of the river, nevertheless increased its difficulties and was a source of some danger to navigation. The bridge, however, was an immovable object. It could not be moved out of the course which the boat was taking, while the boat is supposed to be under the control of those navigating it and capable of being controlled and guided in its movements. In Shearman and Redfield on Negligence, section 60, it is said: "When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want or care."

This rule was quoted and approved in *Judson v. Giant Powder Co.*, 107 Cal. 549, 556; 48 Am. St. Rep. 146. In that case every one who could have known the cause of the explosion was killed; but, in addition to the presumption arising from the fact that the business of manufacturing explosives is carried on for indefinite periods without accident, that explosions are therefore the result of negligence, there was expert evidence to the effect "that if the factory was properly conducted, and the employees careful during the process of manufacturing, an explosion would not occur." So here, the evidence showed that for several years the river was navigated at all stages of water, passing the bridge once a week, with but a single slight injury to the bridge prior to the one in question, and a few times afterward touching or rubbing it slightly, and in addition there was expert evidence that it could at all times be navigated safely. This, we think, was quite sufficient to justify the court in denying the motion for a nonsuit, and to throw the burden of showing due care upon the defendant.

The court found that the injury was caused by defendant's negligence, and appellant contends that said finding is not justified by the evidence. It is true the defendant's agents in charge of the boats, while showing that they had been for many years engaged in navigating the river, and regularly passing the bridge at all stages of water, testified that on the occasion in question they encountered a cross-current that they had never met before or since, and attributed the accident to that current and denied negligence. The credibility to be given these witnesses, and the weight to which their testimony was entitled, it was the province of the trial court to determine; and the finding, as well as the opinion of the court to which we have referred, shows that the court gave it no credence whatever. We cannot, therefore, set aside said finding.

Upon cross-examination, the bridge-tender was asked: "If there had been a dolphin, or fender, or cluster of piles placed above the bridge, the barge would not have collided with the bridge, would it?" It was objected that the question was irrelevant, immaterial, and not cross-examination. The objection was rightly sustained. There was no allegation in the answer that the bridge was improperly constructed or left without proper protection of the character indicated, and there was nothing in the examination in chief which opened a door for the question. Whether it was the duty of the plaintiff to have thus protected its bridge is a question not presented by the record.

It is also contended that the court erred in permitting plaintiff's witness, H. L. Demerit, to give his opinion as an expert.

Without consuming space to rehearse the testimony of this witness tending to show his qualifications, we think the profession of the witness, that of a civil engineer, taken in connection with his experience of eight years in charge of the government snag boat, and his observation and study of the currents of the river at similar places, as well as his knowledge of the locality in question acquired by frequently passing it, though at a lower stage of water, qualified him to speak, and that the court did not err in overruling the objection.

In one of the reply briefs for appellant the point is made that the plaintiff is not entitled to the whole of the damages as

it has only a temporary interest in the bridge, and the injury is to the inheritance, as Butte county may at any time resume possession and control. There is no merit in this contention. Butte county, through its board of supervisors, gave the use of the remaining parts of the old bridge to plaintiff's assignor and the right to attach the draw thereto, "provided said party shall put and keep in good repair said approaches." Plaintiff, being bound to repair, and having repaired the injury caused by the collision, is the only party entitled to recover.

Finding no error in the record which would justify a reversal of the judgment or order appealed from, we advise that they be affirmed.

Searls, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Garoutte, J., Van Fleet, J., Harrison, J.

Hearing in Bank denied.