[Civ. No. 107.    Second Appellate District.—January 15, 1906.]

## CHARLES CARTY, Respondent, v. BOESEKE-DAWE COMPANY, Appellant.

NEGLIGENCE—EXCAVATION IN STREET—GUARDING AT NIGHT.—It is the legal duty of one who maintains an excavation in a public street to use such care as an ordinarily prudent and careful person would use under like circumstances in maintaining in or around said excavation such guard or barrier or light or lights as will warn one who is lawfully using the street in the night-time of the existence, location and limits of the excavation, and the omission to perform this duty is negligence.

ID.—INSUFFICIENT LIGHTS — CONTRIBUTORY NEGLIGENCE.—The maintenance of one dim light at one end of an extensive excavation extending along the center of and diagonally across the street is not a performance of such duty, and the failure of a person driving at night along the street, without knowledge of the excavation, to observe the light or the extent of the excavation had he observed it, cannot be held as matter of law to show contributory negligence on his part.

ID.—EVIDENCE—NONOCCURRENCE OF OTHER ACCIDENTS—EXPERTS.—In an action by a person injured by driving into such unguarded excavation, based upon the negligence of the defendant in so maintaining it, evidence of the nonoccurrence of other accidents at the same place or under similar circumstances, and expert testimony as to the sufficiency of the lights, is inadmissible. The question of negligence in failing to maintain a sufficiency of lights was for the jury, and that duty could not be given to experts.

ID.—PLAINTIFF'S FORMER HABITS AS TO USE OF INTOXICANTS—MITIGATION OF DAMAGES.—In such action, evidence of the plaintiff's habits in respect to the use of intoxicating liquors a year or so preceding the accident, if admissible at all, would be considered only in mitigation of damages, and the exclusion of such evidence will be deemed unprejudicial when the verdict is of so small an amount, in proportion to the injury, as to show that all possible mitigating circumstances were resolved by the jury in favor of the defendant.

ID.—TAKING MAP INTO JURY-ROOM—DISCRETION.—There was no abuse of discretion, in such action, in refusing to permit the jury to take with them when they retired for deliberation a map that was before them during the trial.

APPEAL from a judgment of the Superior Court of Santa Barbara County.   James W. Taggart, Judge.

The facts are stated in the opinion of the court.

H. P. Starbuck, and Canfield & Starbuck, for Appellant.

Henley C. Booth, and William G. Griffith, for Respondent.

ALLEN, J.—Action on account of alleged negligence. Verdict and judgment for plaintiff. Defendant appeals.

The record discloses that De La Vina street is a public street running northerly and southerly through the city of Santa Barbara; that defendant under authority from the municipality entered upon such street, near its intersection with Ortega street, and made an excavation in the center line of De La Vina street a distance of eight feet, which excavation had a width of two feet and a uniform depth of six feet, the same having been made for the purpose of locating a sewer connection. From this sewer connection when located, which appears to have been near the middle of the excavation, a ditch was dug easterly at an angle of about forty-five degrees from the line of the first excavation to the curb line of the street, with a depth varying from six feet at the street center to three feet at the curb. From these excavations dirt was thrown upon the banks upon either side, elevating the surfaces adjacent nearly three feet. On the evening of October 22, 1903, the workmen in defendant's employ ceased labor for the day; and evidence appears tending to show that there was placed on the westerly side of the center line excavation, near its middle, a lighted lantern, fastened upon a stick stuck in the loose earth on the westerly side of the embankment, which stick slanted away from the ditch. This lantern was lighted and the light maintained all night. No other light or danger signal was placed on or about the excavation, except a lighted lantern placed near the curb at the easterly end of the ditch. This lantern is shown to have been extinguished within a short time after being placed in position, and was not maintained as a danger signal during the night. Plaintiff, before daybreak on October 23d, seated in a buggy drawn by a single horse, drove down De La Vina street northerly without seeing the lighted lantern, or having knowledge of the excavation, and his horse fell into the center line excavation from the east side, near its junction with the ditch and about six feet east of the lighted lantern. The horse received injuries from which it died, and plaintiff suffered serious injury.

It is contended by appellant, under this state of facts, that no negligence on the part of defendant is shown. With this contention we cannot agree. To our mind, the defendant was shown to have been exceedingly careless in the manner of placing the precautionary signals; in fact, the only signal maintained was so placed west of the center line of the excavation and in a position which, if seen by a traveler upon the street, would probably indicate to him that the safe route of travel was east of the center line of the street. The duty of defendant under the circumstances of this case is defined by the trial court in one of its charges: "It is the legal duty of one who maintains an excavation in a public street to use such care as an ordinary prudent and careful person would use under like circumstances in maintaining in or around said excavation such guard or barrier or light or lights as will warn one who is lawfully using said street in the night-time of the existence, location and limits of such excavation." It is insisted by appellant that this charge is misleading under the peculiar facts of this case. We do not so consider it. The excavation was continuous, although made for different purposes. The effect was to render travel on the east side of the street dangerous. Notice of this fact should have been maintained by defendant. The omission in that regard was negligence. That plaintiff did not see the signal light is no proof of the fact that he would not have observed a number of lights placed along the line of the ditch. The proximate cause of the injury was the absence of these signal lights properly placed so as to mark the line of the excavation. If a light had been maintained at the curb, it would have tended to indicate the limits of the excavation, and would have served as a partial warning that the whole east side of the street was impassable. It was therefore connected with the transaction and important, although its situation was remote from the scene of the accident. No contributory negligence is shown. There was testimony tending to show that the single, improperly placed light was dim, and no other light maintained. The excavation was a recent one, unknown to plaintiff, and he had a right to proceed upon a public street in the usual way, relying upon proper safeguards and notices if dangerous obstructions had been created in the street. As we have before said, had he seen the single light and driven to

the east of it the distance he did, such act would not have been negligence as a matter of law; that he was not negligent as a matter of fact has been determined by a jury, and there is testimony in the record sufficient to support it. It is next urged that the court erred in rejecting evidence of the non-occurrence of other accidents at the same place or under similar circumstances, and in rejecting expert evidence of the sufficiency of the lights. We are not impressed with the force of these objections. That other persons saw the obstructions and thereby avoided injury, or that light signals proved effective under similar circumstances, is of little consequence when considered in connection with the clearly established invasion of plaintiff's rights and his consequent injury. They were not effective as to respondent under the circumstances connected with his injury. In relation to the expert testimony, we think it sufficient to say that one who has violated a plain duty will not be excused from the consequences because other persons are of the opinion that the act performed in lieu of the legal duty was the equivalent. The jury were called to pass upon the question of negligence, and that duty should not be given into the hands of expert witnesses. There is nothing in *Kahn* v. *Triest etc. Co.,* 139 Cal. 346, [73 Pac. 164], or *Chico Bridge Co.* v. *Sacramento Tr. Co.,* 123 Cal. 180, [55 Pac. 780], or in the other California cases cited, in conflict herewith. It is finally urged that it was error to reject the evidence of plaintiff's habits in respect to the use of intoxicating liquors a year or so preceding the accident, and in refusing to permit the jury to take with them when they retired for deliberation a certain map that was before them during the trial.

As to the first objection, the specification of the purpose was not disclosed, and had it been and such evidence were conceded to be admissible, we perceive no prejudicial error in its exclusion. The full extent to which such testimony would be considered, if admissible at all, would be in mitigation of damages. When we consider the nature and extent of the injury and loss of property in connection with the verdict of $650, we are led to the conclusion that all possible mitigating circumstances were resolved by the jury in defendant's favor. No abuse of discretion is apparent in the order of the court

declining to permit the jury to have the map during their retirement.

A careful examination of the record in this case convinces us that the judgment should be affirmed, and it is so ordered.

Gray, P. J., and Smith, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 14, 1906.