[Civ. No. 821.   First Appellate District.—July 25, 1911.]

## JOSEPH BAUHOFER, Appellant, v. ALEXANDER K. CRAWFORD, Respondent.

NEGLIGENCE—COLLISION OF AUTOMOBILE WITH MILK WAGON—INJURY OF DRIVER—PRESUMPTION—IMPROPER NONSUIT.—In an action for damages sustained by the driver of a milk wagon, which was standing still on the left side of the street while the driver was in the process of alighting to serve a customer, by collision therewith of an automobile driven by the defendant at the rate of from ten to fifteen miles per hour, where it appears that the collision occurred at 8 o'clock in the evening, when the street was free from other vehicles, and the roadway was in good condition, and that there was an arc-light at the corner, from which the wagon was plainly visible fifty feet away therefrom, and the approach of the automobile was unknown to the driver until the collision occurred, the negligence of the defendant is presumed, and a nonsuit of the plaintiff for failure to prove such negligence was improper.

ID.—DUTY OF DRIVER OF VEHICLE.—The driver of a vehicle should proceed carefully and be on the alert lest he collide with others.

ID.—RIGHT OF MILK WAGON TO USE LEFT SIDE OF STREET.—The left side of a street may be used for alighting or for other appropriate use, and the driver of a milk wagon may use any portion of the street necessary for him in the performance of his business or employment.

ID.—LAW OF STATE AS TO MOVING VEHICLES INAPPLICABLE TO STATIONARY MILK WAGON.—The law of the state declared in section 2931 of the Political Code, as to the use of the right side of the road, applies only to moving vehicles, and has no application when a milk wagon had halted for the purpose of delivering milk to a customer residing on the left side of the street.

ID.—RULE OF PRESUMED NEGLIGENCE—RES IPSA LOQUITUR.—When the thing which causes the accident is shown to be under the management and control of the defendant, and the accident is such as in the ordinary course of things does not happen, if those who have such management and control use proper care, it affords reasonable evidence, in the absence of any explanation by the defendant, that the accident arose from the want of ordinary care by the defendant.

ID.—PRESUMPTION OF NEGLIGENCE FROM INJURY—BURDEN OF PROOF.— Under such circumstances, proof of the happening of the event, which caused the injury, raises a presumption of the defendant's negligence, and casts upon the defendant the burden of showing that ordinary care was exercised.

ID.—RULE APPLICABLE TO DEFENDANT.—It is held that the case at bar
satisfies every element of the doctrine of *res ipsa loquitur*, and
comes within the rule of the presumption of negligence from the
collision. The automobile was in the exclusive control and under
the management of the defendant; and automobiles, when properly
managed, do not, in the ordinary course of things, collide with
standing wagons. There was no want of care on the part of the
plaintiff, and the accident must have resulted from the negligence
of the defendant.

ID.—VIOLATION OF ORDINANCE—EXCESSIVE SPEED.—Where the defendant
was violating a municipal ordinance which forbade a greater rate
of speed on the street in question than that of eight miles per hour,
this circumstance is one from which the jury might have inferred
the presumed negligence of the defendant.

APPEAL from a judgment of the Superior Court of Alameda County.    William H. Waste, Judge.

The facts are stated in the opinion of the court.

M. W. Simpson, for Appellant.

Reed, Black & Reed, for Respondent.

KERRIGAN, J.—This is an appeal by plaintiff from a
judgment of nonsuit in an action for damages for personal
injuries.

Briefly, the facts disclosed by plaintiff's evidence are as
follows: On February 13, 1909, the plaintiff was driving a
horse and wagon delivering milk to customers in the city of
Alameda. He had come to a stop near the sidewalk and was
engaged in pouring milk from a large can on his wagon into
another when the defendant, driving an automobile, collided
with the wagon and by so doing injured the plaintiff. The
collision occurred on Park street about midway between Eagle
and Clement avenues, and defendant at the time was pro-
ceeding in a northerly direction toward the last-named avenue.
Plaintiff's horse and wagon were standing on the left (east)
side of the street and facing southerly. On the right side
of the wagon attached to the seat was an ordinary "milk
wagon lamp," in good order, with a reflector, and the lamp
was burning. The roadway at this point from curb to curb
is forty-eight feet wide, and was at the time of the collision

in good condition. The accident occurred at 8 o'clock in the evening, and there was at the time a lighted ordinary street arc-light suspended about twenty-five or thirty feet above the middle of the crossing at the corner of Park street and Clement avenue. On this question one of the witnesses testified "there was light all around there," and that it was light enough at Eagle avenue and Park street for him to identify the defendant fifty feet away.

Plaintiff testified in his own behalf that he drove along the right side of Park street, and did not cross over to the left side until in front of his customer's house, where the collision happened. The defendant, instead of going to the left, attempted to pass the wagon on the right-hand side, and as there was not room enough to do so, the collision ensued. The street was clear at the time, there being no vehicles of any kind in the block except the two involved, and the defendant was operating and in control of his automobile, which, just before the collision, was running between ten and fifteen miles per hour.

At the close of plaintiff's case defendant moved for a nonsuit upon the ground that plaintiff had failed to prove negligence on the part of the defendant. The motion was granted and final judgment was entered, and to this order and ruling the plaintiff duly excepted.

Preliminarily it may be well to state (1) that the driver of a vehicle should proceed carefully and be on the alert lest he collide with others (*Scott* v. *San Bernardino Valley etc.,* 152 Cal. 610, [93 Pac. 677] ; *Wistrom* v. *Redlick Bros. Inc.,* 6 Cal. App. 671, [92 Pac. 1048]) ; (2) that the left side of a street may be used by a truck to discharge its load, by a coach, buggy or automobile to allow passengers to alight, or as a matter of convenience a funeral may be formed on that side of the street. So, the driver of a delivery wagon may use any portion of the street necessary for him in the performance of his business or employment. The law of the state, as declared in section 2931 of the Political Code, applies to moving vehicles, and necessarily has no application to a case like the present, where the driver was delivering milk to a customer, who resided on the left side of the street.

Plaintiff contends that the accident was the direct result of defendant's negligence, and he relies chiefly upon the

doctrine of *res ipsa loquitur* to make out his case. The rule thus invoked is laid down in the case of *Judson* v. *Giant Powder Co.,* 107 Cal. 549, [48 Am. St. Rep. 146, 40 Pac. 1020, 29 L. R. A. 718], and a number of other California cases as follows: ''When the thing which causes the accident is shown to be under the management and control of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have such management and control use proper care, it affords reasonable evidence, in absence of explanation by the defendant, that the accident arose from the want of ordinary care by the defendant.''

Under such circumstances proof of the happening of the event raises a presumption of the defendant's negligence, and casts upon the defendant the burden of showing that ordinary care was exercised.

We think the case at bar satisfies every element of this doctrine and comes within the rule. The automobile was in the exclusive control and under the management of the defendant; and automobiles when properly managed do not, in the ordinary course of things, collide with standing wagons. It is unlike the case of a runaway horse in charge or not of his driver, causing injury, for in such a case it is as reasonable to infer that it was the negligence of a stranger as to assume it was that of the driver which caused the horse to run away. In cases of that kind the rule fails, and the doctrine *res ipsa loquitur* cannot be invoked. (*Rowe* v. *Such,* 134 Cal. 573, [66 Pac. 862, 67 Pac. 760], and cases cited.)

In *Rowe* v. *Such* the court held that no presumption of negligence arose from the mere fact that the horse ran away. There, when the driver was first seen, he was ''in the air'' and falling from his seat to the ground. The court said that whether he lost control of his horse through negligence was not shown, and that whatever caused the runaway was a matter of speculation, pure and simple, and it was as fair to presume that the cause was unavoidable as that it was the fault of the driver. The court then quotes from the case of *Button* v. *Frink,* 51 Conn. 342, [50 Am. Rep. 24], as follows: ''A man driving furiously along the street runs into my carriage and breaks it. Here the act indicates negligence on the part of the driver. Again, the defendant's horse is running furiously along the street, dragging the shafts of a carriage

after him, and runs against and breaks my carriage. This indicates accident only, and not negligence.''

In the present case we cannot reasonably attribute the accident to the carelessness of a third person. The circumstances are more like the supposed case in *Button* v. *Frink,* 51 Conn. 342, [50 ·Am. Rep. 24], for the defendant was driving his motor car at from ten to fifteen miles an hour along the' street, and he ran into the plaintiff's wagon which was at a standstill. As in the supposed case, the act of the defendant in itself unexplained indicates negligence on his part. As already indicated, the record shows that the roadway was in good condition, there were no other vehicles in the block, the horse and wagon were standing where the plaintiff had a right to halt ·them. Moreover, the plaintiff was unaware of the approach of the automobile until the collision occurred. There was no want of care on the part of the plaintiff, and it would seem that the accident must have resulted from the negligence of the defendant and not from that of some third party. We therefore think that this is a case for the application of the rule *res ipsa loquitur,* and also of the principle that he who has peculiarly within his· power the means of producing evidence of reasonable care shall be required to do so.

In *Morris* v. *Strobel & Wilken Co.,* 30 N. Y. Supp. 571, 81 Hun, 1, the court's ruling is thus stated: "The mere falling of a signboard from defendant's building into the street is evidence of negligence, the maxim, *res ipsa loquitur,* being applicable in such case." The court referred to several English cases, and, among others, to the case of *Byrne* v. *Boadle,* 2 Hurl. & C. 722, where the facts disclosed an injury caused by the falling of a barrel into a highway from the window of a shop; and in discussing the question of the proprietor's liability, Pollock, C. B., said: "There are many accidents from which no presumption of negligence can arise, but this is not true in all cases. It is the duty of persons who keep barrels in a warehouse to take care that they do not roll out; and I think that such a case would, beyond all doubt, afford *prima facie* evidence of negligence. A barrel could not roll out of a warehouse without some negligence. So, in building or repairing a house, if a person passing along the road is injured by something falling upon him, I think the accident would be *prima facie* evidence of negligence."

In *Howser* v. *Cumberland & P. R. Co.*, 80 Md. 146, [45 Am. St. Rep. 332, 30 Atl. 906, 27 L. R. A. 154], the plaintiff was walking along a pathway outside the defendant's right of way, and was struck by cross-ties that fell from a moving train.    In *Houston* v. *Brush*, 66 Vt. 346, [29 Atl. 380], the plaintiff, while driving along under defendant's elevated railway, was struck and injured by an iron plate which fell from the structure.    In *Dixon* v. *Pluns*, 98 Cal. 388, [35 Am. St. Rep. 180, 33 Pac. 268, 20 L. R. A. 698], and in *Knott* v. *McGilvray*, 124 Cal. 129, [56 Pac. 789], the plaintiffs, while proceeding along public sidewalks, were hurt by falling missiles.    In each of these cases the doctrine under discussion was successfully invoked.

In the case of *Chicago Union Traction Co.* v. *Giese*, 229 Ill. 260, [82 N. E. 232], it was held (as correctly stated in the syllabus) as follows: "An injury caused by a street-car leaving the track and striking a wagon in which plaintiff was riding is within the maxim, *res ipsa loquitur*, and proof of the injury will justify a recovery unless the defendant shows that it was not in fault." Commenting on the facts, and after quoting the maxim, the court in its opinion said: "All of the elements of the accident were within the complete control of appellant, and the result is so far out of the usual course of things, that there is no fair inference that it could have been produced by any other cause than negligence." (See, also, *Chico Bridge Co.* v. *Sacramento*, 123 Cal. 183, [55 Pac. 780].)

Passing to another point—it is tacitly conceded, and indeed it must be, that Ordinance No. 405 of the city of Alameda prohibits a rate of speed on Park street greater than eight miles an hour.    The evidence shows that at a point one hundred or one hundred and fifty feet from the place of the collision the defendant was driving his automobile at a speed of between ten and fifteen miles an hour—not an excessive speed, but greater than that allowed by the local ordinance— and we think that this circumstance is one from which the jury might reasonably have inferred that at or immediately prior to the collision the defendant was exceeding the legal rate of speed (*Olsen* v. *Levy*, 8 Cal. App. 487, [97 Pac. 76]), and hence must be presumed to be guilty of negligence.

The judgment is reversed.

Hall, J., and Lennon, P. J., concurred.