[Civ. No. 6067.   Third Appellate District.—February 16, 1939.]

HARRY W. SHEDD, Appellant, v. HUBERT DOWNIE, Respondent.

Hjelm & Hjelm for Appellant.

Griffin & Boone for Respondent.

THOMPSON, J.—The plaintiff has appealed from a judgment which was rendered against him in a suit for damages for injuries sustained in an automobile casualty.

At 8 o'clock at night, February 15, 1937, the plaintiff was engaged in collecting milk products along a route which he had traveled for five years. It was a very dark night. He was driving his milk truck easterly on a country road called Doersken Avenue four miles north of Denair in Stanislaus County. The highway was paved with asphalt 14½ feet in width, with seven-foot shoulders on either side gradually

sloping down to a shallow ditch. He drove his truck across the highway to the northerly side and parked at the premises of a customer named Wheatley to procure some cans of milk. Water stood in the ditches at various points, but it does not appear there was any water opposite the Wheatley place. At that point there was a cart containing cans of milk standing near the property line about twelve or fifteen feet from the place where he stopped his machine, which cans he intended to transport to his truck. The bed of the truck was six feet, ten inches in width. He parked the truck on the northerly side of the paved portion of the highway, as the defendant said. At least it extended over the paved portion a distance of four feet, with scant space between it and the cart for a machine to pass. His truck was headed easterly and it was left with the lights burning and the engine running. He had observed the headlights of a machine approaching from the east, at a distance of about a quarter of a mile, just as he crossed the highway to the wrong side. He paid no further attention to the approaching automobile, but got out of his truck and proceeded to cross the intervening space to obtain the milk cans from the cart. It was unusually dark at that point. Trees which grew along the margin of the highway in that vicinity helped to increase the darkness. There were no lights except the headlights from the two machines involved in the casualty.

As the defendant approached, driving his automobile at a rate of 25 or 30 miles an hour, he first observed the lights of the parked truck when he was 400 or 500 feet away, but he was unable to locate the position it occupied on the highway or to determine that it was stationary. He supposed it was a machine approaching on its proper side of the roadway. The defendant testified that he did not realize the truck was on the wrong side of the highway until he reached a point about 25 feet from the parked truck. He said he did not then realize the truck was stationary, but assumed the driver would guide his machine so as to pass him on the proper side and avoid a collision. The defendant thought he removed his foot from the accelerator to decrease the speed of his car. He did turn to his right hand until his machine was entirely off the paved portion on the graveled shoulder of the highway. His purpose was to pass the truck on the

proper side and to avoid a collision in the emergency which confronted him. Not until his car was within a few feet of the parked truck did he realize that the machine was stationary on the highway. The headlights of the parked truck blinded him so that he did not appreciate the real situation, and he was therefore not able to see the plaintiff who was then crossing the intervening space to the milk cart near the rear end of his truck. The defendant promptly applied his brakes when he saw the plaintiff, but was unable to stop his machine in time to avoid striking him. The plaintiff was hit and injured. The defendant stopped immediately and went to his assistance.

The plaintiff brought this suit for damages for injuries sustained as the result of alleged negligence on the part of the defendant. The answer denied negligence on the part of the defendant and affirmatively alleged that the accident occurred solely as a result of the contributory negligence of the plaintiff. The cause was tried by the court sitting without a jury. Findings were adopted favorable to the defendant. The court determined that the defendant was free from negligence, and that the accident occurred solely as a result of the plaintiff's own negligence. A judgment was rendered to the effect that the plaintiff take nothing by his action. From that judgment this appeal was perfected.

This appeal presents two questions, namely: Is there substantial evidence to support the finding that the defendant was free from negligence? Secondly, if the defendant was guilty of negligence in failing to observe the truck on the wrong side of the highway, and in failing to stop his machine, was the plaintiff also guilty of contributory negligence which precludes him from recovering damages in this suit?

It is asserted the court failed to adopt a specific finding that plaintiff was guilty of contributory negligence. But it did determine:

"That it is true that all of the alleged injuries and damages sustained by the plaintiff as set forth in plaintiff's complaint were directly and proximately caused by the carelessness and negligence of the plaintiff, and that the carelessness and negligence of the plaintiff was the sole and only cause of all the injuries and damages alleged to have been sustained by the plaintiff."

The preceding finding necessarily includes a determination that the plaintiff was guilty of contributory negligence which proximately contributed to the accident.

We are of the opinion there is substantial evidence to support the finding that the defendant was free from negligence. While it does seem strange the defendant did not observe the fact that the truck was parked on his side of the highway until he reached a point less than 25 feet away, the following facts furnish adequate support of that assertion by the defendant. We may not hold as a matter of law that he did not act as a reasonable person, under the circumstances of this case. It was unusually dark in the vicinity where the accident occurred. Overhanging trees on either side of the highway helped to increase the darkness. The black asphalt pavement made it difficult to locate the roadway or the position of a machine with relation thereto. The glaring of the headlights of the truck prevented a clear view of surrounding objects. It was impossible for the defendant to see the plaintiff immediately behind the glare of his headlights. There was no light on the milk cart opposite the truck. The defendant had a right to assume that a machine would not be parked on the wrong side of the pavement. When he reached a point less than 25 feet from the truck, traveling at a rate of 25 or 30 miles an hour, and seeing no obstruction on the right shoulder of the highway, in the emergency which confronted him he may not be charged with negligence in attempting to pass the truck on the proper side. He did not see the plaintiff until his machine was so close it was impossible for him to stop his car. We may not say, under such circumstances, that the plaintiff was guilty of negligence as a matter of law.

The case of *Yates* v. *Morotti*, 120 Cal. App. 710 [8 Pac. (2d) 519], upon which this appellant relies, is not in conflict with the distinguishing facts of the present action. The judgment in that case was affirmed. The question which was there involved was whether there was substantial evidence to support the finding of the defendant's negligence. In that case the plaintiff's automobile was also parked on the wrong side of a street in Stockton, contrary to an ordinance of that city. The evidence disclosed the fact that the defendant saw the parked car and knew of its location on the wrong side of the street while his machine was 75 feet away. The street

was not obstructed with other vehicles and it was well lighted in that vicinity. The defendant was running along a city street at a high rate of speed contrary to the law. His car was zigzagging from one side of the street to the other. He had ample warning to enable him to stop his car or to direct his course so as to avoid the collision. That judgment was affirmed on the specific ground that the defendant had the last clear chance of avoiding the collision. That case is readily distinguishable from the facts of the present case in several material respects.

Likewise, the case of *Bauhofer* v. *Crawford,* 16 Cal. App. 676 [117 Pac. 931], upon which the appellant also relies, is clearly distinguishable from the facts of this suit. In that case an order granting a nonsuit was reversed on appeal. The plaintiff was driving a milk wagon in the night time. He had parked on the wrong side of a street in the city of Alameda. The wagon stood within two feet of the curbing, with its lamps burning. The street was well lighted and there were no other vehicles in sight. The defendant was driving his automobile down the street at the slow rate of 10 or 15 miles an hour. He saw the wagon in ample time to have stopped his car. He attempted to drive his machine between the wagon and the curbing. It was evident there was not room to pass the wagon. A collision occurred and the plaintiff was injured. Since that case was decided in 1911, the statutory provisions regarding the parking of vehicles on the highway have been adopted. The facts of that case were vitally different from those of the present case.

We are also of the opinion there is evidence in this case indicating that the plaintiff was guilty of contributory negligence in parking his machine on the paved portion of the highway contrary to the provisions of sections 582 and 583 of the Vehicle Code, and that his violation of the statutes contributed to the accident which caused his injuries, precluding him from recovering damages in this suit. Section 582 of the Vehicle Code provides that:

"Upon any highway outside of a business or residence district no person shall stop, park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of the highway when it is practicable to stop, park or so leave such vehicle off such part or portion of said highway."

The following section of that Code provides:

"In no event shall any person stop, park or leave standing any vehicle, whether attended or unattended, upon any highway outside of a business or residence district unless not less than fifteen feet of the width of the paved or improved or main traveled portion of the highway opposite such stopped, parked or standing vehicle is left clear and unobstructed for the free passage of other vehicles."

Clearly the plaintiff in this case violated the first of the above-quoted sections by parking on the paved portion of the highway when apparently it was practicable for him to have driven off the pavement on the graveled shoulder which was seven feet in width with ample room and opportunity to have done so. In support of the finding adopted by the court to the effect that it constituted contributory negligence for him to have parked on the paved portion of the highway under the circumstances of this case, there is substantial evidence the plaintiff could and should have parked on the graveled shoulder of the highway, and not on the paved portion. We are also of the opinion there is adequate proof that his parking on the paved portion with the intervening available space of at least seven feet of shoulder on the northerly side was an inducement for an approaching automobile from the east to attempt to pass on its proper side, and that the conduct of the plaintiff in so parking on the pavement contrary to the inhibition of the statute contributed to the accident which resulted in the plaintiff's injuries. It follows that the evidence supports the finding of plaintiff's contributory negligence which precludes him from recovering damages in this case.

The judgment is affirmed.

Tuttle, J., and Pullen, P. J., concurred.