[Department One. — May 9, 1883.]

## ASA FISK, RESPONDENT, *v.* THOMAS S. MILLER, APPELLANT.

PROMISSORY NOTE—INDORSEMENT.—H. made his promissory note payable to the order of M., but intended for his own accommodation. Before the maturity of the note, M. wrote his name on the back at the request of H., who thereupon sold the note to F. *Held*, that M. became an indorser, and is liable as such.

ID. — PLEADING. — An averment that the note was presented to the maker at maturity for payment, and payment thereof demanded, but the same was not paid, of all which due notice was given to the indorser, is a sufficient averment of presentment, refusal, and notice.

ID. — PROTEST. — The certificate of a notary showing the presentment to and demand upon the maker for payment, and his refusal to pay, and that notice of such demand and non-payment was given on the next day by the notary to the indorser by delivering the same at his residence to a person of discretion in charge apparently acting for him, is *prima facie* evidence of the facts stated, and these facts are sufficient to show notice to the indorser of the dishonor of the note.

TENDER. — A tender made was held to be bad for insufficiency in the amount.

APPEAL from a judgment of the Superior Court of the city

and county of San Francisco, and from an order refusing a new trial.

The note in controversy was payable sixty days after date, and the plaintiff purchased it before maturity at a discount of seventy-five dollars, the note being for seven hundred and fifty dollars, with interest at the rate of one per cent per month. After the commencement of the action, the indorser tendered to the plaintiff an amount equal to the sum he paid for the note and the interest and costs which had then accrued, but the plaintiff refused to accept it. The action was brought against the maker and indorser, but the only defense was by the indorser.

*P. B. Ladd,* for Appellant.

*John H. B. Wilkins,* for Respondent.

Ross, J.—The note in suit was made by the defendant Harker, indorsed before maturity at the request and for the benefit of Harker by the defendant Miller, and then sold by Harker to the plaintiff. Miller, by his act, became indorser, and liable as such. (*Fessenden* v. *Summers,* 62 Cal. 484.)

The averment in the complaint of presentment, demand, refusal, and notice we think sufficient. It is, " that said note at maturity was presented to said George M. A. Harker for payment, and payment thereof demanded, but the same was not paid, of all which due notice was given to said defendant, Thomas S. Miller." The protest of the notary shows the fact of presentment to and demand on the maker for payment, and refusal on his part to pay, and the further fact that notice of such demand and non-payment was given on the next day by the notary to the indorser, by delivering the same at his residence, No. 1,208 Leavenworth Street, in the city of San Francisco, to a person in charge, of discretion, apparently acting for him. The protest was *prima facie* evidence of those facts, and the facts show a sufficient notice to the indorser of the dishonor of the note. (Pol. Code, § 795 ; Civ. Code, § 3144.)

The tender relied on, if otherwise good, was insufficient in amount.

Judgment and order affirmed.

McKINSTRY, J., and McKEE, J., concurred.

Hearing in Bank denied.