[No. 15542.   Department One.—September 29, 1894.]

MARGARET O'ROURKE, RESPONDENT, v. BERNARD VENNEKOHL ET AL., APPELLANTS.

INSTRUCTIONS — DISTRUST OF FALSE WITNESS. — Where the court has charged the jury upon the subject of the distrust of a witness who is false in one part of his testimony, in the language of the statute, the charge is sufficient upon that subject, and it is not error for the court to refuse to give other proper instructions relating to that subject.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DISCRETION.—The granting of a new trial, upon the ground of newly discovered evidence, is largely matter of discretion, the exercise of which will not be disturbed by the appellate court, except in case of abuse clearly disclosed by the record.

ID.—DILIGENCE—CUMULATIVE EVIDENCE—PROBABLE CHANGE OF RESULT.— A new trial should not be granted upon the ground of newly discovered evidence, where the party has not shown due diligence in discovering and producing the evidence, nor where the evidence is purely cumulative, nor unless the newly discovered evidence is such as to render a different result upon a retrial probable.

ID.—EFFECT OF CUMULATIVE EVIDENCE.— Where the cumulative evidence is sufficiently strong to render a different result probable in the opinion of the court a new trial should not be refused merely because the evidence is cumulative.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*T. C. Van Ness*, for Appellants.

The court erred in refusing to give the instruction asked for by the defendant in regard to distrusting the evidence of a witness who has sworn falsely in part. The instruction asked for has been uniformly upheld. (*People* v. *Sprague*, 53 Cal. 491; *Farwell* v. *Meyer*, 35 Ill.

41; *Chicago etc. R. R. Co.* v. *Buttolf,* 66 Ill. 347.)    The motion for a new trial on the ground of newly discovered evidence should have been granted, as the evidence was of such a nature as to render it clear that if it had been introduced at the trial the result would probably have been different.    (Hayne's New Trial and Appeal, 256; *Levitsky* v. *Johnson,* 35 Cal. 43; *People* v. *Stanford,* 64 Cal. 27.)

*Stafford & Stafford,* for Respondent.

The court correctly instructed the jury as to distrusting a witness false in part.    (Code Civ. Proc., sec. 2061, subd. 3; *People* v. *Treadwell,* 69 Cal. 238; *People* v. *Hicks,* 53 Cal. 354; *People* v. *Clark,* 84 Cal. 582, 583; *People* v. *Flynn,* 73 Cal. 515.)    The instruction as asked is not a correct exposition or interpretation of subdivision 3, of section 2061, of the Code of Civil Procedure.    (*People* v. *Soto,* 59 Cal. 369; *People* v. *Strong,* 30 Cal. 156.)    The newly discovered evidence was merely cumulative, and a new trial was properly denied.    (*Ross* v. *Sedgwick,* 69 Cal. 247; *Byrne* v. *Reed,* 75 Cal. 277; *People* v. *Howard,* 74 Cal. 547.)    Where a new trial is asked on the ground of newly discovered evidence, an enlarged discretion is vested in the court below, and the supreme court will rarely interfere.    (*O'Brien* v. *Brady,* 23 Cal. 243; *Baker* v. *Joseph,* 16 Cal. 180; *People* v. *Howard,* 74 Cal. 547.)

Van Fleet, J.—Action for damages for personal injuries.    Verdict and judgment were for plaintiff, and from the judgment and order denying a motion for new trial the defendants appeal.

1. The court refused the following instruction requested by defendants: "If you shall find that the plaintiff has willfully misstated any fact concerning which she has been interrogated, then her testimony in other respects should be distrusted, and the jury may in such case disregard the whole of her evidence.    So, also, if you shall find that any witness examined upon behalf of the plaintiff has willfully misstated any fact

concerning which he has been interrogated, then the testimony of such witness in other respects should be distrusted, and the jury may in such case disregard the whole of the evidence of such witness. Where a witness gives willfully false testimony the jury should treat all his testimony with distrust and suspicion, and reject all, unless convinced, notwithstanding the base character of the witness, that he has in other particulars sworn to the truth," but instead charged the jury on this point that "A witness false in one part of his testimony is to be distrusted in others." While we think the instruction as requested was proper and should have been given, nevertheless we are unable to hold that there was error in the action of the court. In refusing the instruction as asked the court charged the jury upon the point in the language of the statute, and this it has been repeatedly held was sufficient. (*People* v. *Treadwell,* 69 Cal. 238, and cases there cited.)

2. After a careful examination of the record we are unable to say that the court erred in denying the motion for a new trial. The motion was based upon the ground of newly discovered evidence. The granting of a new trial upon this ground is largely matter of discretion, an exercise of which will not be disturbed by this court except in case of abuse clearly disclosed by the record. It should not be granted in any case where the party has not shown due diligence in discovering and producing the evidence, nor where the evidence is purely cumulative, nor unless the newly discovered evidence is such as to render a different result upon a retrial probable. Testing the showing made in this case by these rules, we certainly cannot say that there was any abuse of discretion in denying the motion. The new evidence was largely, if not entirely, cumulative, and conceding that appellants' view of the law be correct, that a new trial should not be refused merely because the evidence is cumulative in a case where the cumulation is sufficiently strong to render a different result probable, we cannot say that the record presents

such a case.   The new evidence is that of but one witness, who, like several who testified at the trial, witnessed the accident; what the probable result of his evidence if produced before the jury would be, when viewed in connection with all the other evidence in the case, was a question which the lower court, with all the witnesses and facts of the case before it, was much more competent to determine than this court can possibly be.

We find no error in the record, and the judgment and order denying the motion for a new trial are affirmed.

HARRISON, J., and DE HAVEN, J., concurred.