## O'CONOR v. CLARKE et al.*

### L. A. No. 11; April 2, 1896.

#### 44 Pac. 482.

**Bills and Notes—Indorsement Before Delivery.—**A person writing his name on a bill before maturity, to enable the drawer to whose order it was drawn to negotiate the same, is liable as an indorser.[1]

**Bills and Notes—Indorsement Before Delivery.—**A bill drawn payable to the drawer's order, and indorsed by him in blank, before maturity, is transferable by delivery merely.

**Bills and Notes.—An Indorsee of a Note Takes the Same Subject** only to such defenses as would have been good against his indorser.

**Trial.—A Finding That All the Allegations in the Complaint** not specifically found on are true, and the allegations in defendant's answer not specifically found on are untrue, does not require a reversal, where it appears that specific findings, on the allegations not directly found upon, would have necessarily been adverse to appellant.

**New Trial—Newly Discovered Evidence.—The Refusal of a** new trial on the ground of newly discovered evidence will only be reversed for abuse of discretion.

APPEAL from Superior Court, San Diego County; George Puterbaugh, Judge.

Action by Andrew J. O'Conor, receiver of the Consolidated National Bank of San Diego, against W. H. Clarke and others. From a judgment for plaintiff, defendant Frank A. Kimball appeals. Affirmed.

---

*Rehearing denied.

[1] Cited in Navajo Co. Bank v. Dolson, 163 Cal. 489, 126 Pac. 155, where the court say that the law of California in no way relieves a holder of the necessity of giving to an indorser before maturity notice of nonpayment.

Works & Works for appellant; Jas. E. Wadham for respondent.

PER CURIAM.—This is an action upon a bill of exchange, and the material facts of the case are as follows: On August 12, 1890, Livingston, Clarke & Co. drew the said bill of exchange on the Pacific Hardware Company, payable to their own order ninety days after date; and on the twenty-seventh day of that month the same was accepted by the drawee, "payable at office Sather Banking Company, San Francisco, Calif." Thereafter, and before the maturity thereof, the defendants W. H. Clarke, Frank A. Kimball, Sidney Selover, and J. B. Livingston indorsed the said bill of exchange, to enable the drawers to negotiate the same and obtain money thereon; and thereupon Livingston, Clarke & Co. indorsed the said bill, and sold, assigned and transferred the same to the Sather Banking Company. On November 8, 1890, the indorsers, Clarke, Kimball, Selover and Livingston, by an instrument in writing, signed by them, waived demand, protest and notice of protest of and upon the said bill of exchange; and thereafter in January, 1891, the same was for value sold, assigned and delivered by the Sather Banking Company to the Consolidated National Bank of San Diego, which has ever since been the owner and holder thereof. Interest on the said bill of exchange was paid by the Pacific Hardware Company up to March 10, 1893, but no other payments of principal or interest have ever been made. On November 16, 1893, the plaintiff, as duly appointed and qualified receiver of the Consolidated National Bank, commenced this action against the drawers, drawee and four indorsers of the said bill of exchange, to recover the principal and interest still due and unpaid on the same. All of the defendants were duly served with summons, but only the defendant Kimball appeared to contest the plaintiff's right to recover. He demurred to the complaint, and, his demurrer being overruled, answered, setting up several separate defenses to the action. At the commencement of the trial, the plaintiff moved the court to dismiss the action as to the defendants Livingston, Clarke & Co., and as to Livingston and Clarke individually; and the motion was granted, against the objection of defendant Kimball. And, at the conclusion of the trial, the court found upon all the issues raised in favor of the plaintiff, and gave judgment

against the defendants the Pacific Hardware Company, Sidney Selover and Frank A. Kimball, for the full amount due on the said bill of exchange. From this judgment and an order denying his motion for a new trial the defendant Kimball appeals.

1. The demurrer to the complaint was properly overruled. The pleading stated facts sufficient to constitute a cause of action, and there was no uncertainty in any of the particulars pointed out which would authorize a reversal.

2. We see no material error in any of the rulings complained of. The appellant wrote his name on the back of the instrument before its maturity, and before it was sold and delivered to the Sather Banking Company, to enable the drawers to negotiate it and obtain money thereon. He was therefore an indorser, and liable as such: Civ. Code, secs. 3108, 3117; Fisk v. Miller, 63 Cal. 367. The payees indorsed the instrument in blank before maturity, and transferred it to the banking company for value. It was thereafter payable to bearer, and transferable by mere delivery.

Counsel sought to prove that appellant had been released from his obligation as an indorser for various reasons, but none of the offered and rejected evidence would have affected that result. It is sufficient, therefore, to say, without detailing the evidence, that it was irrelevant and immaterial, and was properly excluded.

3. The court found that there was no change made in the terms of the said draft, and that there was no contract, understanding, agreement or intention to change or alter the same. This finding is assailed as not justified by the evidence. But there was evidence—and it would seem a preponderance of it—clearly tending to support the finding; and the judgment cannot therefore be reversed on this ground.

4. Following the specific findings, there is a general finding to the effect that all allegations in the complaint "not specially found on are true," and all allegations in defendant's answer "not specially found on are untrue." This finding is also assailed as "a sort of blanket finding," and not justified by the evidence. It is urged that one of the allegations of the complaint is that appellant indorsed the bill "for a valuable consideration"; that this allegation is denied by the answer; and that the plaintiff offered no evidence in support of it. But the court had already found that appellant in-

dorsed the bill before maturity, and to enable Livingston, Clarke & Co. to negotiate it. The correctness of this finding is not questioned, and, if the indorsement was made as stated, it imposed a binding obligation, and no further evidence as to the consideration therefor was necessary.

It is further urged that defendant alleged in his answer that he signed the paper at the solicitation of the drawers thereof, and upon their representation that the draft would be paid out of the proceeds of the sale of the cargo of mahogany mentioned in the instrument, and that he proved the allegation, and plaintiff offered no evidence on the subject. Conceding this to be so, still the facts alleged, if found to be true, would constitute no defense as against the plaintiff. The Sather Banking Company purchased the draft in good faith and for value before maturity, and it therefore took it free from all equities and defenses which may have existed between the original parties to it. And the Consolidated National Bank took the same title that its transferrer had, and subject only to such defenses as would have been good against the transferrer.

The finding complained of, though a "blanket finding," must be sustained, the rule being that "where the findings made dispose of the issues sufficiently to support the judgment, and make it clear that, if more specific findings had been made, they must necessarily have been adverse to appellant, the judgment cannot be reversed for failure to find specifically upon each issue": Hulsman v. Todd, 96 Cal. 288, 31 Pac. 39.

5. One of the grounds on which the motion for new trial was made was newly discovered evidence. In support of the motion, counsel for appellant read certain affidavits; but all the material facts stated in them were squarely contradicted by counter-affidavits read for respondent. The granting of a new trial upon the ground of newly discovered evidence is a matter which rests largely in the discretion of the trial court, and its exercise will not be disturbed on appeal except in case of abuse clearly shown by the record: O'Rourke v. Vennekohl, 104 Cal. 254, 37 Pac. 930; Harralson v. Barrett, 99 Cal. 607, 34 Pac. 342; People v. Urquidas, 96 Cal. 239, 31 Pac. 52. In this case no abuse of discretion which would justify a reversal is shown.

It follows that the judgment and order appealed from must be affirmed, and it is so ordered.