[Civ. No. 1998. First Appellate District.—May 21, 1917.]

W. E. DEAN, Appellant, v. M. S. GAME, Respondent.

PROMISSORY NOTE—ASSIGNMENT FOR COLLECTION—WANT OF CONSIDERA-
TION—DEFENSE NOT AVAILABLE.—In an action on a promissory
note assigned for the purpose of collection, the defendant is not
entitled to plead that the note was without consideration as against
the assignee, where his assignor became the holder of the note in
good faith and for value before its maturity.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge.

The facts are stated in the opinion of the court.

Chas. Quayle, for Appellant.

C. J. Goodell, for Respondent.

THE COURT.—Respondent in this action executed his negotiable promissory note for the sum of $530.31, payable to the order of one D. J. Gregor ten days after its date, which said note was indorsed by one P. T. Brunsing, and was thereafter and before maturity indorsed and transferred by the payee thereof to one John F. Smith, who paid to said Gregor the sum of five hundred dollars. The real transaction between the original parties to the note was this: It was agreed between Game, Gregor, and Brunsing that Game was to execute and Brunsing indorse said note to Gregor, who was to

negotiate the same with Smith, who was to pay Gregor the sum of five hundred dollars therefor, which sum was to be divided among the original parties to the transaction. Smith had no knowledge of said dealings between the parties thereto, and took and held said note until after its maturity as a holder in good faith for value and without notice of any equities between the original parties thereto. After maturity, Smith transferred said note to the plaintiff and appellant herein for collection. Upon the trial of the cause the respondent Game, as a defense to said action, pleaded the original transaction between the parties, and further averred that Gregor had paid to him no portion of the money which he had received from Smith, and that therefore as to him the note was without consideration. The trial court gave judgment for the respondent Game, holding that the plaintiff, as the transferee of the note simply for collection, was not a holder thereof for value, and that as to him the defendant Game was entitled to plead the want of consideration for the note.

In so doing we think the trial court was in error. It is conceded that Smith became the holder of the note in good faith and for value before its maturity, and that had this action been brought by him the respondent's defenses would not have been available to him. This being so we are satisfied that the plaintiff, taking the note simply for collection, stands in the shoes of Smith and has as good title and right of action as Smith himself had. (1 Daniel on Negotiable Instruments, sec. 726; Randolph on Commercial Paper, sec. 987; *Poorman* v. *Mills,* 39 Cal. 345, [2 Am. Rep. 451] ; *Bank of Sonoma County* v. *Gove,* 63 Cal. 355, [49 Am. Rep. 92] ; *Eames* v. *Crosier,* 101 Cal. 260, [35 Pac. 873] ; *Sinkler* v. *Siljan,* 136 Cal. 356, [68 Pac. 1024] ; *O'Conor* v. *Clarke,* 5 Cal. Unrep. 323, [44 Pac. 482].)

Upon the authority of the foregoing cases the judgment will be reversed. It is so ordered.