[Civ. No. 3448. Second Appellate District, Division One.—September 27, 1921.]

## L. P. SARGENT, Respondent, v. ANTON ULLSPERGER, Appellant.

[1] BROKERS' COMMISSION—WHEN EARNED.—To entitle an agent to recover commissions, the fact must be established that the efforts of the agent were the procuring cause of the sale or exchange, and that through his agency the parties to the transaction of sale or exchange were brought into communication with each other, although those parties themselves negotiated the transaction.

[2] ID.—PERFORMANCE OF SERVICES—INSUFFICIENCY OF EVIDENCE.—In this action to recover a commission claimed to have been earned in bringing about an exchange of real properties, the findings in favor of the plaintiff are not supported by the evidence.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Reversed.

The facts are stated in the opinion of the court.

Patrick J. Cooney, J. T. Reed and Alfred Blaisdell for Appellant.

E. R. Simon for Respondent.

---

1. When broker's commissions are earned, notes, 28 Am. St. Rep. 546; 139 Am. St. Rep. 225; Ann. Cas. 1914D, 395.

CONREY, P. J.—On July 24, 1918, the defendant executed and delivered to the plaintiff an agreement in the terms following:

"L. P. Sargent,
   "El Centro, Calif.

"In consideration of $1.00, receipt whereof is hereby acknowledged. You are authorized to sell for me the following described property and if sold by you I agree to pay you a commission of 5% on any deal I may accept for the same. Said commission to be paid out of the first money received on sale. You are hereby authorized to contract sale for me as shown herein. Price $21,600. Terms $7400.00 down and balance. Balance ——. I will give possession when sold 191—. List for 90 days and thereafter until notified in writing of the withdrawal from the market. I will exchange for —— subject to my approval."

Here followed a description of defendant's property and the signature of defendant.

Plaintiff brought this action to recover a commission claimed to have been earned by performance of the foregoing contract, in that the plaintiff procured and brought about an exchange of properties between the defendant and one John Zenos, wherein and whereby defendant transferred to Zenos the property described in said agreement and in consideration thereof received from Zenos other property of the alleged value of twenty-one thousand six hundred dollars. The court made findings in favor of the plaintiff, except that the value of the property received by defendant from Zenos was fixed at twelve thousand dollars, and the commission allowed to plaintiff was based on that valuation instead of the valuation stated in the complaint.

Defendant contends that the contract, under the circumstances surrounding its execution, was limited to sale only, and did not authorize the broker to make or effect an exchange. It is not necessary to discuss this question, which no doubt is debatable. Assuming that the contract did authorize an exchange, and that defendant agreed to pay a commission on any exchange procured by appellant of defendant's property, nevertheless we are of the opinion that the service contracted for was not rendered by plaintiff.

[1] To entitle an agent to recover commissions, the fact must be established that the efforts of the agent were the procuring cause of the sale or exchange, and that through his agency the parties to the transaction of sale or exchange were brought into communication with each other, although those parties themselves negotiated the transaction. (*Briggs* v. *Hall,* 24 Cal. App. 586 [141 Pac. 1067]; *Justy* v. *Erro,* 16 Cal. App. 519 [117 Pac. 575]; *Zeimer* v. *Antisell,* 75 Cal. 509 [17 Pac. 642]; *Brown* v. *Mason,* 155 Cal. 155, 158 [21 L. R. A. (N. S.) 328, 99 Pac. 867]; *Roth* v. *Thomson,* 40 Cal. App. 208, 215 [180 Pac. 656].)

[2] It was found by the court that on the fifth day of August, 1918, the plaintiff informed Zenos that he had listed for sale or exchange the said real property of the defendant, and suggested and proposed to Zenos that he trade his property (being the property afterward exchanged with defendant) to the defendant for the described real property of the defendant; that the plaintiff then and there informed Zenos that defendant was the owner of the described real property and stated that he believed that the defendant would trade his said property for the real property of Zenos; "that thereafter, and a few days following, the said plaintiff informed the said Anton Ullsperger, the defendant, that he had proposed to the said John Zenos that the defendant Anton Ullsperger, would trade the real property hereinafter described to the said John Zenos for the real property owned by the said John Zenos"; that thereafter the defendant and Zenos proceeded to deal together and consummated an exchange of their said properties. These findings give a chronological order of events, but they do not declare that the two principals in the trade were introduced or brought together, or that the transaction between them was initiated by reason of anything said or done by appellant. It appears by the uncontradicted testimony of defendant and his son, John Ullsperger, and of John Zenos, that during several months before defendant listed his property with the plaintiff, the defendant and John Zenos, in numerous interviews, had been discussing an exchange of those properties. Zenos was seeking to acquire defendant's property by exchange, but Ullsperger was trying to make a sale. It was not by reason of the plaintiff's

efforts that they continued their negotiations and made the exchange.

The answer of the defendant squarely raised the issue by alleging that the plaintiff had nothing whatever to do with the bringing about or the consummation of said exchange of properties, and that said exchange was entirely arrived at and completed by said Zenos and defendant only. The findings do not cover this issue except in the manner hereinabove stated. Perhaps they are sufficient under the rule that findings are to be construed favorably, in support of a judgment. But if so, these findings are not sustained by the evidence.

The judgment is reversed.

Shaw, J., and James, J., concurred.