[Civ. No. 8090.   Second Appellate District, Division One.—December 21, 1934.]

MARTIN W. SMITH et al., Appellants, v. SAM C. HALE et al., Respondents.

Griffiths & Thornburgh and Clarence C. Ward for Appellants.

Coleman E. Stewart and C. A. Pinkham for Respondents.

SCHAUER, J., *pro tem.*—An action for damages for personal injuries arising out of the alleged negligent operation of an automobile was tried before a jury, and from the judgment entered upon a general verdict in favor of defendants, plaintiffs appeal, asserting that the trial court erred in the giving of certain instructions requested by defendants and in its denial of plaintiffs'. motion for a new trial upon the ground of newly discovered evidence. No claim is made that the evidence is insufficient to support the verdict, but our attention is directed to the sharp conflict between the testimony of witnesses for the plaintiffs and that of those for the defendants, such witnesses, on the question of negligence, being equal in number and bearing substantially the same relationship to the case. Upon such conflict of testimony and balance in number and relationship of witnesses plaintiffs seek to establish prejudice in the asserted errors of law.

1. It is contended that the court erred in instructing the jury upon the subject of unavoidable accident, not for any imperfection in the given instruction as an abstract

principle of law, but that it was inapplicable to the pleadings and proof. The complaint alleges that the defendants were negligent, and in their answer the latter deny negligence on their part and plead contributory negligence of the plaintiffs; they do not specially plead unavoidable accident as a defense. There has been cited to us no authority in California requiring that unavoidable accident be specially pleaded, but in any event upon the pleadings as they existed in this case, and the evidence, the jury could have found that neither plaintiffs nor defendants had sustained the burden of proving negligence upon the part of the other. Therefore, there was no error in giving the mentioned instruction.

2. The accident forming the subject of the case occurred on July 21, 1929. The 1929 amendments to the California Vehicle Act did not go into effect until August 14, 1929; hence the provisions of that act as they existed subsequent to the amendments of 1927, but prior to the amendments of 1929, were controlling. At the request of plaintiffs the court correctly instructed the jury upon the duties of the driver of an overtaking vehicle under the provisions of section 122 of that act as the same existed at the time of the accident, and at the request of defendants it also gave an instruction upon the law as amended in 1929. This was error, but such instructions under the evidence were applicable only to defendants and were so worded as to make the error beneficial to the plaintiffs rather than detrimental to them. The only reasonable effect of such dual instructions was to place upon the defendants, who operated the overtaking car, the necessity for complying with the law as it existed both before and after the 1929 amendments. In other words, the jurors were told that they "must find for the plaintiffs" upon the issue of defendants' negligence if they found that the defendants had violated the 1927 law and they were also informed as to the duty of the driver of an overtaking car as prescribed in the 1929 law. Under these instructions the jury was bound to find that the defendants were negligent if the evidence established violation of either law. Plaintiffs therefore suffered no prejudice from such error.

3. At the request of defendants the court gave an instruction founded on section 97 of the California Vehicle Act, declaring the conditions under which an automobile

must be equipped with a rear-view mirror. There was no evidentiary showing to which such instruction was applicable and it should not have been given, but likewise the record fails to disclose any reasonable hypothesis from which resultant prejudice may be inferred.

4. Plaintiffs also complain that a formula instruction given at defendants' request contains a statement of fact to the effect that "as the defendants passed the plaintiffs, the driver of the defendants' car was proceeding at a lawful rate of speed and had given audible and suitable signal". A reading of the instruction discloses that it is hypothetical in factual content, being premised on the following language: "If you find from the evidence in this cause that Martin W. Smith . . . increased the speed of his car *while he was being so overtaken* . . . " (Italics ours.) Although rhetorically somewhat inapt it was not error and we think the jury was not misled.

5. Lastly, it is contended that the court erred in refusing to grant the plaintiffs' motion for a new trial on the ground of newly discovered evidence. Upon the hearing of such motion the plaintiffs presented affidavits purporting to show that since the trial they had discovered "at least seven eye witnesses to the accident who did not testify at the trial and whose evidence would be in favor of the plaintiffs".

It appears that the accident out of which this case arose occurred on July 21, 1929, on the state highway a few miles north and west of the city of Ventura. The action originally went to trial on October 9, 1930, and after the jury in that trial had failed to agree was again brought to trial in January, 1931, at which time the verdict for defendants was returned. The affidavits of three of the alleged newly discovered witnesses were before the court upon the motion; the statement as to the other four was upon information and belief in an affidavit of the plaintiff Martin W. Smith. For proof of diligence plaintiffs rely upon the affidavit of Mr. Smith, who states that on February 16, 1931, he went to the city of Ventura for the purpose of inserting an advertisement for witnesses in a newspaper and that upon handing his copy for such advertisement to a girl clerk in the newspaper office was informed by such clerk that she and two of her friends had seen the accident. Plaintiffs'

information as to the other four witnesses was based upon a long-distance telephone call asserted to have been received by Mr. Smith on February 6, 1931, from one Ackerman. According to the hearsay statement in the affidavit Ackerman and three of his friends, whose names were unknown to plaintiffs, had witnessed the crash, and, having read a newspaper account of the trial had agreed that Ackerman should communicate with plaintiffs and volunteer to appear as a witness. Plaintiffs made some effort to personally contact these witnesses, but apparently had failed to do so as late as April 9, 1931, the date of the order denying the motion for a new trial. There was no satisfactory showing that the testimony of any of these four last-mentioned witnesses would be available in the event of a new trial.

In passing upon motions for new trials the presiding judge is vested with a broad discretion and his order in the premises will not be disturbed by an appellate court except upon a clear showing of an abuse of discretion. (*O'Rourke* v. *Vennekohl,* 104 Cal. 254, 256 [37 Pac. 930]; *Jones* v. *Foster,* 116 Cal. App. 102 [2 Pac. (2d) 582].) The trial of an action is a formal and final proceeding; the welfare of society served by the court demands that the parties to litigation have convenient opportunity to fully present the evidence pertinent to their conflicting claims and then that such litigation be expeditiously terminated. To that end it exacts of the parties a high degree of diligence in discovering and presenting at the trial all the evidence upon which the cause is to be determined. In the case of *Vertson* v. *City of Los Angeles,* 116 Cal. App. 114, 120 [2 Pac. (2d) 411], the court, in holding the *granting* of a motion for a new trial upon the ground of newly discovered evidence in a set of circumstances not substantially dissimilar to those of the instant case, to be an abuse of discretion, said: "It is, therefore, highly significant that for a period of more than two years following the accident, during which two trials of the action were had, evidence bearing on the important feature . . . should not have been discovered, but that within ten days subsequent to the date upon which an adverse verdict was returned it should come to light. Despite the emphatic avowals of the gentlemen who conducted the investigation . . . the bald facts indicate surprising lack of diligence."

Upon the record before us we cannot find that the trial court abused its discretion in denying plaintiffs' motion. The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.