[Civ. No. 17256. Second Dist., Div. One. Nov. 21, 1949.]

THOMAS M. MERRY, Appellant, v. KNUDSEN CREAM-ERY COMPANY (a Corporation) et al., Respondents.

William K. Young for Appellant.

Reginald I. Bauder, W. I. Gilbert, Jr., and Henry F. Walker for Respondents.

WHITE, P. J.—Plaintiff has appealed from a judgment for defendants entered upon the verdict of a jury in an action for damages for personal injuries arising from an automobile accident.

On the morning of September 2, 1947, plaintiff, who was driving his automobile southerly on Western Avenue in the city of Los Angeles, approached the intersection of 54th Street, where traffic signals were in operation. The signal changed to "Stop" for traffic on Western Avenue, and plaintiff halted his automobile behind several other vehicles in the traffic lane adjacent to cars parked along the west curb of Western Avenue. Within a short interval, from "a second or two" to "half a minute," a truck owned by defendant Knudsen Creamery Company, and operated by defendant Glenn I. Brunk struck the rear of plaintiff's car, driving it into the car ahead.

Defendant truck driver testified that he was following plaintiff's car and applied his brakes when he was about 50 feet behind plaintiff's car and traveling between 25 and 30 miles per hour; that at first the brakes took effect, but that as he continued to push down on the brake pedal, "it just kept going down and kept going out the more I pushed on it." It was not shown by the evidence precisely what was the difficulty with the brakes. The defendant driver testified that on the evening before the day of the accident he observed a slight slack in the brake pedal, reported it, and it was adjusted on the night before the accident. On the morning of September 22, he drove the truck from 21st and Santee Streets to 21st and Broadway, thence down Broadway to Santa Barbara, thence west on Santa Barbara to. Western, and south on Western to the scene of the accident; that during that time he experienced no difficulty with the truck's hydraulic brakes.

With respect to the action of the brakes immediately before the accident, he testified that he first discovered that the brakes were not going to hold when he tried to stop behind the plaintiff's car and was 40 to 50 feet behind the same. He saw plaintiff's car being brought to a stop and slowed his vehicle from 25 to 30 miles per hour to about 15 to 20 miles per hour, at which time the brakes failed completely.

Appellant assigns as grounds for reversal the following: "The court erroneously instructed the jury that the fact the accident happened was not evidence of negligence. (2) "The court erred in instructing the jury respecting an unavoidable accident." (3) "The evidence was insufficient to justify the verdict."

The court instructed the jury in part as follows:

"While there are two defendants in this action, one of them, Knudsen Creamery Company, has been sued herein because, as has been established, it was the principal for whom the other defendant, Glenn I. Brunk, was acting as agent, and within the scope of his authority at the time of the events out of which the accident occurred. It follows, therefore, that if one is liable, both are liable. . . . It has been established that the defendant Glenn I. Brunk was acting as agent for said corporation and within the scope of his authority at the time of the events out of which the accident involved in this case occurred. Hence your verdict must be the same as to both said defendants, either in favor of both or against both in one sum.

". . . The mere fact that an accident happened, considered alone, does not support an inference that some party, or any party, to this action was negligent.

"In law we recognize what is termed an unavoidable or inevitable accident.. These terms do not mean literally that it was not possible for such an accident to be avoided. They simply denote an accident that occurred without having been proximately caused by negligence. Even if such an accident could have been avoided by the exercise of exceptional foresight, skill or caution, still, no one may be held liable for injuries resulting from it."

The court then read to the jury section 670(a) of the Vehicle Code, which provides that no person shall operate on any highway a vehicle unless such vehicle be equipped with brakes adequate to bring the vehicle to a stop within specified distances at specified speeds, and instructed the jury as follows:

"Conduct which is in violation of Section 670(a) of the Vehicle Code of the State of California just read to you constitutes negligence per se. This means that if the evidence supports a finding and you do find that a person did so conduct himself, it requires a presumption that he was negligent. However, such presumption is not conclusive. It may be overcome by other evidence showing that under all the circumstances surrounding the event, the conduct in question was excusable, justifiable and such as might reasonably have been expected from a person of ordinary prudence. In this connection, you may assume that a person of ordinary prudence will reasonably endeavor to obey the law and will do so unless causes not of his own intended making induce him, without moral fault, to do otherwise . . ."

The record further discloses that after the jurors had deliberated for about an hour and a half, they returned into court, whereupon, in the absence of counsel, the following discussion took place:

"THE COURT: Ladies and gentlemen, I have been handed a question from Mr. Glenn H. Lyle, a member of the jury, which states as follows: 'If the defendant's driver, Brunk, was himself not negligent, must we bring in a verdict for the defendant?'

"Pursuant to the instructions given to you that when there is a principal and an agent in operation of a series of events, an action is filed as it is in this instance against both the principal and the agent, the principal in this event being Knudsen Creamery Company, the agent in this event being Mr. Brunk, the defendant, it is your duty should you find that there was negligence and that as a result of that negligence and the proximate—and from the proximate cause thereof—that is, the negligence proximately caused the accident, then you are instructed that you are to bring a verdict against both defendants, that the agent and the principal in this particular matter are negligent, if you should find that there is negligence. Mr. Lyle, does that answer your question?

"MR. LYLE: It does to me.

"JUROR No. 5: If one of them is negligent and the other is not—if we find that one is negligent and the other is not, do we clear them both?

"THE COURT: Under the instructions herein it would be impossible for you to find that the accident occurred from the negligence of merely one; if there was negligence in this in-

stance it was the negligence of the agent as well as the principal, not only the principal or only the agent.

"ANOTHER JUROR: Your Honor, maybe I am asking this question out of turn; this question is not the question under discussion, but is this——

"THE COURT: (Interrupting) Well, I don't think I can go into the discussion with you. I would like very much to, but you will notice that counsel are absent here and they have stipulated that should the jury desire further instructions we could do so without their presence; however, I do not feel that it would be right for me to listen to the discussion had or any part of it by you in the jury room at this time. However, you are instructed—and you must follow the instructions of the Court—that if one is negligent in this instance that both are negligent, or if they both are not negligent, neither one is negligent."

The court then reread the instructions hereinbefore quoted in part concerning the principal and agent relationship between the driver and the creamery company. Thereupon the following took place:

"JUROR No. 2: This question probably might clear it up: Mr. Brunk is not sued in the action with Knudsen Dairy, is that correct?

"THE COURT: No, both are sued; both are defendants. The action is by Mr. Merry against Knudsen Creamery Company and Glenn I. Brunk, both being defendants, and if the judgment is against one, it shall be against both. Do you have a question?

"JUROR No. 1: Well, no, I had in mind to ask you to read that portion of your charge there referring to the law on an unavoidable accident."

The court then reread the instruction on unavoidable accident and the jury resumed its deliberations.

■ It was not error to give an instruction on the subject of unavoidable accident. As stated in the instruction itself, the terms "unavoidable" or "inevitable" simply denote an accident not proximately caused by negligence. (See *Polk* v. *City of Los Angeles*, 26 Cal.2d 519, 542, 543 [159 P.2d 931].) Under the testimony of the defendant driver it could be inferred that the brakes, although tested and checked the night before the accident, failed completely and without warning after operating satisfactorily for several miles immediately

preceding the accident. (See, also, *Smith* v. *Hale*, 3 Cal.App.2d 277, 278, 279 [39 P.2d 445] ; *Graham* v. *Consolidated M. T. Co.*, 112 Cal.App. 648, 651 [297 P. 617].)

Neither of the two instructions complained of can be held to be improper, under the circumstances presented by this case, in view of the fact that these instructions were immediately followed by an instruction in the language of 670(a) of the Vehicle Code concerning the requirement of adequate brakes, and the jury were told that a violation of the section requires a presumption of negligence which could be overcome by a showing that the conduct in question was excusable.

We are, however, of the view that under the facts disclosed by the evidence in the case, prejudicial error was committed in advising the jury when it returned into court for further instructions. The jury was told that there could be no verdict against the owner of the truck and in favor of the driver. They were told that unless the driver was negligent there could be no liability on the part of the creamery—in other words that they could hold the creamery company liable only on the theory that it was responsible for the acts of its agent, the driver. It is obvious from the colloquy between court and jury hereinabove quoted that the jury considered the driver to be free from negligence, or at least desired to exonerate him. The jury were thus precluded from basing a verdict upon a finding that, although the driver acted as a reasonably prudent man in reporting the slack in the brakes and in relying upon the fact that they had been adjusted and appeared to be in good order the following morning and functioned normally up to the time of the accident—that nevertheless the owner of the truck had failed to meet or overcome the presumption of negligence on his part arising under section 670(a) of the Vehicle Code.

The complaint in this case charged negligence on the part of defendants in general terms. The defense was a denial of negligence. The deposition of the defendant driver was taken under section 2055 of the Code of Civil Procedure and offered in evidence by the plaintiff. His testimony in the deposition was adopted as part of the defendant's case. In addition to the testimony on deposition, the driver testified, for the defense, that he reported the slack in the brake pedal and "they" adjusted it that night (the night before the accident) ; that he had no further difficulty until the time of the accident. The defense offered no further testimony in explanation of the failure of the brakes, nor did they offer any testimony to

show that the failure occurred despite the exercise of due care on the part of the owner and his employees.

From the testimony of the defendant driver it could be concluded that he did all that he was reasonably required to do and was free from negligence. When he noticed a slack in the brakes, he reported it and ''they took the slack out and adjusted them.'' This occurred the night before the accident. On the morning of the accident the brakes appeared to be in good working order. Nevertheless, they failed without warning. The obvious inference from this set of circumstances is that the negligence, if any, was the negligence of the person charged with the duty of inspecting and repairing the brakes.

It is self-evident that the owner of a vehicle who knowingly or negligently permits it to be operated upon a public highway in a defective condition is liable for damages resulting from such condition, whether his agent in the operation knows of its defective condition or not. In other words, as might be concluded in this case, the driver was but an innocent instrumentality in operating the defective vehicle for his employer, whose responsibility if any arises through his failure, either personally or through an employee or agent, to exercise due care to see that the brakes on the vehicle were in the condition required by section 670(a) of the Vehicle Code.

Upon this state of the record, the jury would have been warranted in drawing an inference of negligence from the unexplained failure of the brakes or in indulging the presumption of negligence for failure to comply with section 670(a) of the Vehicle Code, and in concluding further that the defendant owner of the truck had failed to present facts to overcome the inference or presumption. As above noted, beyond the testimony of the driver, no attempt was made to show what precautions had been taken in the maintenance of the vehicle. Whoever adjusted the brakes on the night before the accident was not called as a witness. It follows that a verdict against the creamery company alone could have been fully warranted, and it was error to instruct the jury that its verdict had to be against both the company and the driver or in favor of both.

In many cases it has been held that a collision between a moving automobile and a standing automobile, whether a parked vehicle or one momentarily at a standstill, calls for the application of the doctrine of res ipsa loquitur. (*Bauhofer v. Crawford,* 16 Cal.App. 676 [117 P. 931] ; *Slappey v. Schiller,* 116 Cal.App. 274 [2 P.2d 577] ; *Creamer v. Cerrato,* 1 Cal.

App.2d 441 [36 P.2d 1094]. See, also, authorities collected in 151 A.L.R. 878.) To apply the rule is simply to say that the circumstances of the particular accident justify an inference of negligence. Such a case was here presented.

■ The plaintiff charged negligence in general terms. The defense disclosed by the driver's deposition was that the brakes failed. This defense in turn placed upon the defendant the burden of overcoming the presumption arising from a violation of section 670(a) of the Vehicle Code. "Proof having been made that the collision was occasioned by the defective condition of the party's vehicle, the issue as to his responsibility for the happening of the calamity depends upon the showing as to whether he knew or ought to have known of the existence of the defect." (*Whitechat* v. *Guyette,* 19 Cal.2d 428, 436, 437 [122 P.2d 47], quoting 2 Cal.Jur. 10-Yr.Supp. § 157, p. 234.) To the same effect, see *Cavagnaro* v. *City of Napa,* 86 Cal.App.2d 517, 528 [195 P.2d 25], and *Satterlee* v. *Orange Glenn School Dist.,* 29 Cal.2d 581, 588 [177 P.2d 279]. Quoting from the latter case:

"And if the evidence establishes that the plaintiff's or defendant's violation of the statute or ordinance proximately caused the injury and no excuse or justification for violation is shown by the evidence, responsibility may be fixed upon the violator without other proof of failure to exercise due care. . . . (Citing cases.) . . . .

"However, in an emergency, or under unusual conditions, it is generally held that circumstances may be shown to excuse the violation. The rule has been aptly stated in *Jolley* v. *Clemens,* 28 Cal.App.2d 55, 67 [82 P.2d 51], where it was said (quoting from 1 Shearman & Redfield on Negligence, § 13): ' ". . . violation of such a statute or ordinance is presumptive evidence of negligence, which, if not excused by other evidence, including all the surrounding circumstances, should be deemed conclusive. . . ." ' Continuing, the court said: 'But unless and until justification or excuse for such conduct appear . . . the general rule applies and it must be treated as negligence *per se.*' . . ."

The judgment is reversed, and the cause remanded for a new trial.

Doran, J., and Drapeau, J., concurred.

A petition for a rehearing was denied December 19, 1949, and respondents' petition for a hearing by the Supreme Court was denied January 19, 1950. Schauer, J., voted for a hearing.